George TRUJILLO, Appellant,

v.

UNITED STATES of America, Appellee.

No. 6740.

United States Court of Appeals Tenth Circuit.

Aug. 11, 1961.

James B. Daley, Denver, Colo., for appellant.

Jack L. Love, Asst. U. S. Atty., Lovington, N. M. (John Quinn, U. S. Atty., Albuquerque, N. M., on the brief), for appellee.

Before PICKETT, LEWIS and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Appellant Trujillo was found guilty by a jury of illegally receiving and concealing heroin in violation of 21 U.S.C.A. § 174 and was sentenced to a term of 10 years. On this appeal he asserts that illegally seized evidence was used against him.

Two Albuquerque, New Mexico, police officers, Proffer and Torrez, knew Trujillo as a narcotic addict. They had received information from sources which they knew to be reliable and from other sources the reliability of which was unknown to them that he was selling heroin in the Barelas area of Albuquerque. On the day in question the officers saw Trujillo leave a house in the Barelas area outside of the Albuquerque city limits and walk to the public sidewalk. At the curb was an automobile in which a known narcotic addict was sitting on the right hand side of the front seat. The officers stopped their car. They testified that Trujillo looked at them and turned south, walking down the public sidewalk. The two policemen followed. When officer Proffer was 6 to 8 feet behind him, Trujillo dropped from his left hand a pink packet and a small foil packet. Each fell to the ground between the sidewalk and the curb. Officer Torrez called out "George" to the appellant and officer Proffer picked up the two packets which he recognized as the usual packaging for heroin and said to Torrez, "I have the stuff." Torrez then arrested Trujillo who denied that he had any heroin and that he had thrown any away. A motion to suppress was overruled. At the trial the two packets were received in evidence over objection and were shown to contain heroin.

 It is not a search to observe that which occurs openly in a public place and which is fully disclosed to visual observation.[1] There was no seizure in

1. Petteway v. United States, 4 Cir., 261 F.2d 53, 54. Cf. United States v. Lee, 274 U.S. 559, 563, 47 S.Ct. 746, 71 L. Ed. 1202.

disregard of any lawful right when the officers retrieved and examined the packets which had been dropped in a public place.[2] As the evidence was obtained prior to and independent of arrest, the arguments of counsel as to the legality of the arrest merit no consideration.

Affirmed.

---

2. Lee v. United States, 95 U.S.App.D.C. 156, 221 F.2d 29, 30. Cf. Hester v. United States, 265 U.S. 57, 58, 44 S.Ct. 445, 68 L.Ed. 898.