**Manuel L. HERNANDEZ, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 19654.**

United States Court of Appeals Ninth Circuit.

Oct. 29, 1965.

Rehearing Denied Jan. 18, 1966.

---

Browning, Circuit Judge, dissented from decision on petition for rehearing.

Ronald S. Rosen, Hollywood, Cal., for appellant.

Manuel L. Real, U. S. Atty., Shelby Gott, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before POPE, MERRILL, and BROWNING, Circuit Judges.

BROWNING, Circuit Judge.

Appellant was convicted of transporting and concealing 114 pounds of marihuana on April 5, 1964, in Los Angeles County, California, in violation of 21 U.S.C.A. § 176a. He asserts that his conviction was based upon evidence (the 114 pounds of marihuana) secured through an unconstitutional search and seizure of two suitcases and a briefcase at the Los Angeles International Airport.

Los Angeles police had observed a recurring pattern in incidents involving the illicit transportation of marihuana. Large lots of marihuana were being brought to Los Angeles from Mexico by automobile, then carried from Los Angeles to New York City in the luggage of persons traveling on commercial air flights. The couriers were Latin-Americans. They traveled first class on non-stop flights. They did not make advance reservations. Their luggage was new and expensive, usually bore the brand name "Ventura," and had combination locks. Their bags were exceedingly heavy because of the weight of the marihuana. They paid their fares and weight overcharges in cash with bills of large denomination. Eight such cases had been investigated in the two years preceding appellant's apprehension. Sergeant Butler, who searched appellant's bags, had participated personally in four such investigations during the preceding year—one, a week prior to the search of appellant's bags.

Airport employees were asked to notify the police immediately if a person fitting the described pattern appeared. At about 8:30 p. m. on April 5, 1964, a ticket agent at the Los Angeles airport called the airport police substation. Sergeant Butler responded. The ticket agent told him that a person later identified as appellant had purchased a first-class ticket on a 10:50 p. m. nonstop flight to New York, that he had no advance reservation, that his two bags weighed 155 pounds (115 pounds in excess of the 40 pounds which could be carried without additional charge), and that he had paid for his fare and overweight charges with one hundred-dollar bills.

Sergeant Butler went to the storage area in the airport terminal building where appellant's bags had been sent to await loading. The bags were new "Ventura" bags with combination locks. Sergeant Butler lifted them to feel their weight. He pressed their sides together, forcing air from the interior. Smelling the escaping air, he detected the odor of marihuana and called the police department's narcotics division. Two officers responded. They too lifted the bags, squeezed them, and smelled the escaping air. They and Sergeant Butler then located appellant upstairs in a public bar in the terminal building and arrested him. The bags were opened after appellant's arrest.

■ The government argues that the bags were not searched until they were opened. We cannot agree. The manipulation of appellant's bags by Sergeant Butler prior to appellant's arrest constituted a "search" within the meaning of the Fourth Amendment. The contents of the bags were not exposed to Sergeant Butler's sight or smell before the bags were squeezed. He detected the odor of marihuana as the result of an "exploratory investigation," an "invasion or quest," a "prying into hidden places for that which was concealed"—conduct which has been repeatedly said to characterize a "search." 38 Words & Phrases 401–02 (Perm. 2d), 123–26 (1965 P.P.) Technical trespass is not required. Silverman v. United States, 365 U.S. 505, 511, 81 S.Ct. 679, 5 L.Ed.2d 734 (1961). See also Regalado v. California, 374 U.S. 497, 83 S.Ct. 1875, 10 L.Ed.2d 1044 (1963); McDonald v. United States, 335 U.S. 451, 454 (1948) But even if it were, it occurred here. "A trespass to a chattel may be committed by intentionally * * * using or intermeddling with a chattel in the possession of another." Restatement 2d, Torts § 217 (1964). See also Prosser, Law of Torts 76 (3d ed. 1965).

The question remains whether the search of appellant's bags violated the Fourth Amendment. Sergeant Butler had no warrant. Hence the search was invalid unless made (1) incident to a lawful arrest, or (2) in "exceptional circumstances"—in this case, that contraband was threatened with imminent removal or destruction. United States v. Ventresca, 380 U.S. 102, 106–107, 107 n. 2, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); Cipres v. United States, 343 F.2d 95, 98 n. 9 (9th Cir. 1965). See also Chapman v. United States, 365 U.S. 610, 614–616, 81 S.Ct. 776, 5 L.Ed.2d 828 (1961); United States v. Jeffers, 342 U.S. 48, 51, 72 S.Ct. 93, 96 L.Ed. 59 (1951); Johnson v. United States, 333 U.S. 10, 14–15, 68 S.Ct. 367, 92 L.Ed. 436 (1948).

(1) We hold that the search was not incident to appellant's subsequent arrest in the upstairs bar—not because it was too "remote in time or place from the arrest" [see Preston v. United States, 376 U.S. 364, 367, 84 S.Ct. 881, 883, 11 L.Ed. 2d 777, (1964)] (a question we do not reach)—but rather, because the search was in fact independent of the arrest. Sergeant Butler did not go to the storage area to arrest appellant and incidentally search him and his bags. He knew appellant was not there. His sole purpose was to search the bags. See Lustig v. United States, 338 U.S. 74, 79–80, 69 S.Ct. 1372, 93 L.Ed. 1819 (1949); Jones v. United States, 357 U.S. 493, 500, 78 S.Ct. 1253, 2 L.Ed.2d 1514 (1958); Taylor v. United States, 286 U.S. 1, 6, 52 S.Ct. 466, 76 L.Ed. 951 (1932).

(2) The burden rested on the government to prove that it would not have been practical to secure a warrant before the bags were removed. United States v. Jeffers, 342 U.S. 48, 51, 72 S.Ct. 93, 96 L.Ed. 59 (1951). Cf. Cohen v. Norris, 300 F.2d 24, 32 (9th Cir. 1962). The police were first contacted at 8:30 p. m. Appellant and his luggage were scheduled to depart at 10:50 p. m. There was un-contradicted testimony that a warrant could not have been obtained until the following morning. Compare Johnson v. United States, supra, 333 U.S. at 15, 68 S.Ct. 367. Absent contrary evidence, this was a sufficient showing.

The fact that it was impractical to secure a warrant "did not dispense with the need for probable cause." Henry v. United States, 361 U.S. 98, 104, 80 S.Ct. 168, 172, 4 L.Ed.2d 134 (1959). The trial court concluded that Sergeant Butler had reasonable grounds to believe that the bags contained contraband—though thinking it "a very close question." "Giving due weight to that finding," Wong Sun v. United States, 371 U.S. 471, 479, 83 S.Ct. 407, 413, 9 L.Ed. 2d 441 (1963), we arrive at the same conclusion.

"The troublesome line * * * is one between mere suspicion and probable cause. That line necessarily must be drawn by an act of judgment formed in the light of the particular situation and with account taken of all the circumstances." Brinegar v. United States, 338 U.S. 160, 176, 69 S.Ct. 1302, 1311, 93 L. Ed. 1879 (1949). No one of the indicia drawn from prior incidents of illicit traffic was alone sufficient to justify a reasonable man in the belief that appellant's bags contained contraband, but taken together they rendered it probable. A search based upon their concurrence would not likely invade the privacy of an innocent person. See Sobel, Search & Seizure 52 (1964). Compare Ellis v. United States, 105 U.S.App.D.C. 86, 264 F.2d 372, 374 (1959).

No doubt first-class passengers do not always make reservations, and heavy luggage is not unusual. But there was testimony that it is "very, very rare" for a first-class passenger who has heavy luggage to appear and purchase a ticket without prior arrangement.[1] There was also testimony that it is difficult to pack

---

1. Compare United States v. Bianco, 189 F.2d 716, 720 (3d Cir. 1951) ("The use of so large a case for so short a trip [Baltimore to Washington, D.C.] was ex-traordinary"). See also People v. McGowan, 415 Ill. 375, 114 N.E.2d 407, 410–411 (S.Ct.Ill.1953).

as much as 155 pounds of personal effects into two ordinary suitcases, but that bags containing bricks of marihuana seized in earlier incidents had comparable weights. These elements, taken together with the use of "Ventura" combination-lock suitcases, payment in bills of large denomination, and the apparent Latin-American derivation of the passenger, were specific and narrowly descriptive; illuminated by Sergeant Butler's past experience, they furnished reasonable grounds for him to believe, in advance of the intrusion upon appellant's privacy, that appellant's suitcases contained another shipment of marihuana moving in an organized illicit traffic from the Mexican source of supply to the New York market. Indeed, it has been suggested that less might have been sufficient: "The police must have reasonable grounds to believe that the particular package carried by the citizen is contraband. Its shape and design might at times be adequate. The weight of it and the manner in which it is carried might at times be enough." Henry v. United States, 361 U.S. 98, 104, 80 S.Ct. 168, 172, 4 L.Ed.2d 134 (1960).

■ As appellant states, Sergeant Butler had no prior information that a crime would be committed at this time or place or by this appellant. But probable cause "is a practical, nontechnical conception." Brinegar v. United States, supra, 338 U.S. at 176, 69 S.Ct. at 1311 —no particular element must always be present; the presence of no one element is invariably conclusive. The presence or absence of probable cause is to be determined "in the light of * * * all the circumstances," ibid.—it is immaterial that each circumstance, taken by itself, may be consistent with innocence. See United States v. Bianco, 189 F.2d 716, 720 (3d Cir. 1951).

To sustain the finding of probable cause on this record is not to authorize officers to conduct general searches for unknown offenders on mere suspicion. A search cannot be used as an investigative technique for securing evidence of the commission of crime. Cf. Stanford v. State of Texas, 379 U.S. 476, 481–484, 85 S.Ct. 506, 13 L.Ed.2d 431 (1965); Note, 28 U.Chi.L.Rev. 664, 697 (1961); Kamisar, 44 Minn.L.Rev. 891, 914 (1960). The circumstances upon which Sergeant Butler relied were within his knowledge *before* the search was initiated, and were sufficient to justify a reasonable man in believing that the very bags which Sergeant Butler searched did in fact contain marihuana.

Following appellant's arrest a search of his person revealed a key to an airport locker. The police opened the locker and found a briefcase. They opened the briefcase and discovered two bricks of marihuana, part of the total of 114 pounds to which the one-count indictment related. It is not clear whether appellant intended to contest the validity of this search independently of his attack upon the search of his suitcases. Since there may be practical reasons for not doing so, in view of our holding that the latter search was valid, we do not consider that issue, leaving it to appellant to raise it on petition for rehearing if he wishes to do so.

Affirmed.

### Upon Petition for Rehearing

■ Responding to the suggestion of the Court, appellant requested that we consider the issue reserved in the final sentence of the Court's opinion. We have done so.

POPE and MERRILL, Circuit Judges, are of the view that, in the circumstances of this case, the error, if any, was harmless. The judgment of affirmance is therefore adhered to.

Affirmed.

BROWNING, Circuit Judge, dissents on the ground that the warrantless search of the locker was unlawful, and that the admission of evidence resulting from the search was not harmless.