STATE OF CONNECTICUT *v.* NATHANIEL SHAW

CIRCUIT COURT

FIRST CIRCUIT
FILE No. CR 1-30353

Memorandum filed November 13, 1968[1]

*John T. Redway,* assistant prosecuting attorney, for the state.

*Richard T. Meehan,* chief public defender, for the defendant.

NORTON M. LEVINE, J. Defendant filed the instant motion to suppress, covering a ball-point pen, a newspaper, and a yellow piece of paper which "allegedly contains Policy Play." General Statutes § 54-33f. Defendant offered no testimony at the

---

[1] An appeal to the Appellate Division of the Circuit Court was withdrawn.

hearing. Both the state and defendant relied solely upon the facts contained in the affidavit and application of Sergeant Lloyd C. Baker, of the Norwalk police, for an arrest warrant as decisive of the question whether there was a valid seizure of the evidence in connection with an arrest for policy playing under General Statutes § 53-298.

The affidavit disclosed that when the officer was on a public street in Norwalk he observed defendant, known to him as a "numbers runner." Defendant was carrying a folded newspaper in his hand. When Baker crossed the street and walked after defendant, defendant entered a poolroom. Baker followed him into the poolroom. Defendant quickly tossed the folded newspaper onto the top of a pinball machine, and a ball-point pen onto a windowsill to his right. Baker characterized both items, in his affidavit, as "abandoned property." When Baker picked up the newspaper, a yellow slip containing policy play items fell out. Baker also seized the ball-point pen. As a consequence, defendant was arrested.

Defendant has claimed that all of the above circumstances did not give Baker probable cause to believe that a crime was being committed or was about to be committed. Defendant has further urged that when Baker picked up the newspaper he thereby was seizing property of defendant, even though it was not in defendant's physical possession, and that these facts constituted an illegal search.

The crucial issue is whether, when Baker took the newspaper, policy slip, and pen into his possession, there was a "search and seizure" of defendant's property which contravened any constitutional prohibition.

To prove a search, there must be a clearly established interference with, or invasion of, defendant's property. *State* v. *Penna,* 5 Conn. Cir. Ct. 44, 47.

Based on the facts before the court, it is found that defendant did not casually throw away the newspaper and pen with the intention of retaining title and ownership of them. He was carrying a contraband item, to wit, the policy slip. His conduct was that of a man fearing immediate apprehension by the police and desiring to divest himself speedily of any evidence in his possession which might point to his criminal involvement, and not of a man intending to assert any rights thereto in the future.

When an accused thus hastily discards contraband, as under the present circumstances, the authorities are clear that the items may be treated as "abandoned property" to which the accused has relinquished all right, title and possession. Accordingly, apprehension of such abandoned items by the police is not deemed to be a search and seizure of the property of the accused. This is the court's conclusion, in the present case.

"There was no seizure in disregard of any lawful right when the officers retrieved and examined the packets which had been dropped in a public place." *Trujillo* v. *United States,* 294 F.2d 583, 584. In *United States* v. *Zimple,* 318 F.2d 676, 678, the court said: "These exhibits were not the product of an illegal seizure but were papers discarded by defendant." Likewise, in *Lee* v. *United States,* 221 F.2d 29, 30, the court stated: "There was here no seizure in the sense of the law when the officers examined the contents of the napkin after it had been dropped to the street." To the same effect, see *Abel* v. *United States,* 362 U.S. 217, 249 (dissenting opinion); *Feguer* v. *United States,* 302 F.2d 214, 249; 79 C.J.S., Searches and Seizures, § 61.

*Hernandez* v. *United States,* 353 F.2d 624, upon which defendant chiefly relies, is clearly distinguishable. The court did hold that a police officer who

squeezed certain luggage bags, believed to contain narcotics, had conducted a "search" thereof. It was very plain in the *Hernandez* case, however, that the defendant still claimed property rights in the bags; he hoped to transport them from Los Angeles to New York City and definitely had not abandoned them. On the other hand, in the instant case, the facts unquestionably demonstrate the decision of defendant to discard the items in question.

The burden of proof relative to the illegality of the search and seizure is on the accused. *State* v. *Towles,* 155 Conn. 516, 518; *State* v. *Mariano,* 152 Conn. 85, 91, cert. denied, 380 U.S. 943. In the present case, defendant has failed to sustain his burden of proof. The court therefore finds that the apprehension of the disputed items and the subsequent arrest were valid and legal and that none of defendant's constitutional rights were violated thereby.

The motion to suppress is denied.