222 So.2d 667 (1969)
Jack Rush BRANNING
v.
STATE of Mississippi.
No. 45457.
Supreme Court of Mississippi.
May 19, 1969.
*668 A.S. Scott, Jr., Henry S. Davis, Laurel, for appellant.
Joe T. Patterson, Atty. Gen., by G. Garland Lyell, Jr., Asst. Atty. Gen., Jackson, for appellee.
PATTERSON, Justice:
This cause is an appeal from the Circuit Court of Jones County, Second Judicial District. The appellant, Jack Rush Branning, was indicted for burglarizing a drug store in Laurel, Mississippi, and taking narcotics therefrom. He was convicted and sentenced to serve six years in the state penitentiary. From that verdict and sentence he appeals to this Court.
Early on the morning of April 15, 1968, two police officers observed an occupied car in a North Laurel shopping center near the rear of a drug store owned by James L. Quinn. As they approached, the car pulled away and on investigation, the officers discovered that the store had been broken into and that an unknown amount of narcotics was stolen. The officers immediately notified police headquarters and another officer, Captain Aycock, was dispatched to the scene. While enroute, he observed the defendant walking along the street. After Aycock reached the drug store, he was joined by one of the officers who had discovered the burglary and together they returned to the vicinity in which Aycock had last seen the defendant. They located the defendant some two blocks from the scene of the crime.
The two officers stopped their car beside the appellant in order to question him as to what he might know, if anything, concerning the burglary. As Officer Shoemake alighted from the car, he observed the appellant remove his hands from his pockets and throw three bottles to the ground. Officer Shoemake retrieved the vials and showed them to Officer Aycock and appellant was placed under arrest. Subsequently the owner of the drug store identified these bottles, which contained narcotics, as having come from his store.
The defendant was tried before a jury, convicted and sentenced to six years in prison. He now appeals to this Court and assigns the following as error:
1. The lower court erred in permitting the introduction into evidence of the three *669 bottles of narcotics since they were obtained illegally, by the officers.
2. The lower court erred in granting conflicting instructions on entry.
The appellant's argument in support of the first assignment of error is not persuasive. There is no dispute as to the facts in this case and in our opinion the law was properly applied thereto. When Officers Aycock and Shoemake stopped their car beside the defendant, there is no indication that they intended to place him under arrest. No words of restraint had been uttered by either of the officers at this time. We are unaware, after research, of any prohibition preventing reasonable interrogation of individuals in the area of a crime to ascertain their knowledge, if any, of any facts relating thereto.
Officer Shoemake testified that as he got out of the car he observed the defendant throw or drop three bottles at his feet. If, arguendo, it be admitted that the officers lacked probable cause at this time to arrest the defendant or to search him, once the defendant abandoned the bottles and the possession thereof was gained by the officers, the appellant was in no position to claim the Fourth Amendment privilege as the possession did not stem from a search. The bottles containing the narcotics afforded the officers probable cause for the arrest. See Trujillo v. United States, 294 F.2d 583 (10 Cir.1961); United States v. DeCiccio, 190 F. Supp. 487 (D.C. 1961); and Burton v. United States, 272 F.2d 473 (9 Cir.1959). The Court stated in Trujillo v. United States, supra:
It is not a search to observe that which occurs openly in a public place and which is fully disclosed to visual observation. There was no seizure in disregard of any lawful right when the officers retrieved and examined the packets which had been dropped in a public place. As the evidence was obtained prior to and independent of arrest, the arguments of counsel as to the legality of the arrest merit no consideration. 294 F.2d at 583-584.
Therefore, we are of the opinion that there was no error in admitting the bottles of narcotics into evidence.
Mississippi Code 1942 Annotated section 2043 (1956) defines the crime of burglary in part as follows:
Every person who shall be convicted of breaking and entering, in the day or night, any shop, store * * * in which any goods, merchandise, or valuable thing shall be kept for use, sale, deposit, or transportation, with intent to steal therein, or to commit any felony * * * shall be guilty of burglary, and imprisoned in the penitentiary not more than seven (7) years.
The basic essentials necessary to prove the crime of burglary are the breaking and entering of a building and proof that such was done with the intent to steal or to commit a felony. Gross v. State, 191 Miss. 383, 2 So.2d 818 (1941). This case further states that any act of force necessary to enter, no matter how slight is a "breaking." The turning of a knob, a slight push on an already open door, or the lifting of a latch is sufficient to constitute the act.
The appellant complains that the statement "* * * it need not be proven that any lock, door, or window was actually broken * * *" contained in one of the State's unnumbered instructions is in conflict with the statement "* * * did then and there * * * with force and arms burglariously break and enter a certain building" contained in another instruction.
In view of the law as stated in Gross, supra, we are of the opinion that the instructions complained of are complementary to each other rather than being hopelessly in conflict as suggested by the *670 appellant. They simply state that the jury could find the defendant guilty if it believed he broke the lock from the door and thereby gained entry, or if he used less force and merely opened the door to enter the drug store. We are of the opinion that these instructions are clear and that the jury was not likely to have been misled thereby. We therefore hold that this assignment of error is without merit.
In view of the circumstances and the authorities discussed, supra, we are of the opinion that the lower court was not in error and that its verdict should be upheld.
Affirmed.
ETHRIDGE, C.J., and INZER, SMITH, and ROBERTSON, JJ., concur.