UNITED STATES of America

v.

Benny Carl LOVELL.

No. EP-87-CR-137.

United States District Court,
W.D. Texas,
El Paso Division.

July 29, 1987.

Joe Galinski, Asst. U.S. Atty., El Paso, Tex., for plaintiff.

Elizabeth Rogers, Federal Public Defender, El Paso, Tex., for defendant.

## ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE

HUDSPETH, District Judge.

Defendant Benny Carl Lovell is charged by indictment with possessing a quantity of marihuana with intent to distribute it. He has filed a motion to suppress as evidence all fruits of a search of his two suitcases at the El Paso International Airport on May 28, 1987. After reviewing the evidence, the Court finds that the motion to suppress is without merit and should be denied.

On May 28, 1987, United States Border Patrolmen Bradly Williams and Michael Jordan were assigned to duty at the El Paso International Airport. At approximately 8:30 a.m., the agents observed a person later identified as Benny Carl Lovell get out of a Yellow Cab on the sidewalk in front of the airport terminal. Lovell removed one suitcase from the taxicab and the taxi driver removed another. Both were described as large brown soft-sided vinyl or nylon type suitcases. As Lovell attempted to pay the taxi driver, he appeared to be very nervous. He had difficulty finding his money and seemed to fumble with it. After the taxi driver was paid, Lovell walked up to the Southwest Airlines skycap on the sidewalk and checked the two suitcases. The skycap requested Lovell to fill out name identification tags to go with the suitcases. Agent Williams, who was standing immediately next to the skycap at this time, noticed that Lovell seemed to write "erratically". He would write fast, stop, and then write fast again. He was also looking around the area while he attempted to write. After the bags were checked, the Defendant went inside the airport terminal. As he walked the agents observed that he kept glancing over his shoulder. Having concluded that Lovell was acting highly suspicious, both Williams and Jordan proceeded to the Southwest Airlines baggage area to inspect the two suitcases.

In the Southwest Airlines baggage area, Agent Williams removed the two suitcases from the conveyor belt. Upon feeling the sides of the suitcases, he could tell that the

contents consisted of solid masses rather than the usual miscellaneous personal items. The suitcases were also noted to be quite heavy. Both Williams and Jordan then squeezed the sides of the suitcases for the purpose of smelling the odors emanating from them. Both agents detected the strong odor of marihuana, plus the fainter odor of some kind of talcum or baby powder. Based upon the smell of marihuana, Williams removed the suitcases from the baggage area to the Border Patrol office at the airport. In the meantime, Agent Jordan raced to the Southwest Airlines departure gate in an effort to intercept Defendant Lovell. Unfortunately for the agents, however, Lovell was booked on a flight to Birmingham, Alabama, which was scheduled to depart El Paso at 8:40 a.m. Since the carrier in question was Southwest Airlines, the flight had naturally departed on time. By the time Jordan arrived at the gate, therefore, both the airplane and Lovell had left for Birmingham.

Jordan returned to the Border Patrol office and rejoined Agent Williams. The Border Patrolmen then contacted the El Paso Police Department and requested the services of a canine unit. The police department responded with canine unit Temo. The two suitcases checked by Lovell were then placed in a "suitcase lineup", and the vaunted Temo alerted not once, not twice, not thrice, but four times to the Defendant's two suitcases. The Drug Enforcement Administration was contacted, and Special Agent Thomas Ahr obtained a search warrant from a magistrate. The suitcases were then opened, and found to contain approximately 68 pounds of marihuana. The agents then contacted the Drug Enforcement Administration office in Birmingham, Alabama, and its agents arrested Defendant Lovell upon his arrival in that city. A search of his person disclosed two baggage claim checks with numbers matching those on the two suitcases.

Defendant Lovell contends that Agents Williams and Jordan illegally "searched" his suitcases when they compressed them to feel and smell their contents. This contention is without merit.

Airline passengers who check suitcases are put on notice that the suitcases may be lifted, shaken, run through metal detectors or x-ray devices or sniffed by dogs or humans. A law enforcement officer who merely compresses the outside of a suitcase in order to sniff the air that is expelled from it has not intruded upon any legitimate expectation of privacy in the suitcase, so long as he does not open it or examine its contents. *United States v. Place*, 462 U.S. 696, 708, 103 S.Ct. 2637, 2645, 77 L.Ed.2d 110 (1983). The Defendant's contention that a "search" occurred is based upon a holding of the Ninth Circuit in a case styled *Hernandez v. United States*, 353 F.2d 624 (9th Cir.1965), *cert. denied*, 384 U.S. 1008, 86 S.Ct. 1972, 16 L.Ed.2d 1021. While it is questionable that *Hernandez* was good law when decided in 1965, it seems clear that it is not good law today. Several factors have intervened which would bring about a change in this holding if the case were decided now. First, in 1967, the Supreme Court changed completely the terminology of Fourth Amendment protection when it decided *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). The key question today in each Fourth Amendment case is whether the actions taken by law enforcement officers violated any reasonable and legitimate expectation of privacy on the part of the defendant. The second intervening factor is the heightened level of airport security in recent years, and the heightened awareness of the flying public with regard to these enhanced security methods. As previously noted, an airline passenger who checks his suitcase today is aware that the suitcase is subject to being inspected by means short of actually opening it to reveal its contents. The third factor is the decision of the Supreme Court in *United States v. Place, supra*. In that case, the Supreme Court decided that the sniffing of luggage by a trained dog for the purpose of detecting drugs was not a "search" within the meaning of the Fourth Amendment. The fact that the luggage in this case was "sniffed" by agents of the Border Patrol before the dog was brought on the scene is a distinction without a dif-

ference. The sniffing technique, whether by humans or by canines, does not require the opening of the luggage or the exposure of non-contraband items. It is simply not intrusive enough to be considered a "search" for purposes of the Fourth Amendment.

Once the agents detected the odor of marihuana emanating from the suitcases, it is obvious that probable cause existed to obtain a search warrant for a search of the luggage and to obtain an arrest warrant for the arrest of the Defendant. Since the search of the suitcases and the seizure of their contents did not violate any constitutional right on the part of the Defendant, his motion to suppress evidence should be denied.

It is therefore ORDERED that the Defendant's motion to suppress evidence in the above-styled and numbered cause be, and it is hereby, DENIED.