McMILLIN, C.J.,
for the Court:
¶ 1. Lorenzo Dillingham and Jacob Henderson were convicted of burglary of a building other than a dwelling. In separate appeals, they attack the sufficiency of the evidence of their guilt. Alternatively, both Dillingham and Henderson urge this Court to order a new trial on the ground that their convictions were against the weight of the evidence. Finding these issues to be without merit, we affirm both convictions.
I.
Facts
¶ 2. An off-duty law enforcement officer, Chuck Stump, was exercising his dog in a field late in the evening behind a retail establishment in Natchez known as the Tobacco Outlet when he observed a vehicle stop behind the closed business. Two black males exited the vehicle and approached the rear of the building. The officer heard sounds that he described as the cracking of wood. The two individuals then re-entered the vehicle, drove to a nearby laundromat, parked the car, and walked back over to the tobacco store. One individual walked to the front of the building and one returned to the rear. The officer once again heard sounds of cracking or splintering wood. The officer, soon after first spotting the individuals, called the police dispatcher and Officer Kevin Coleman was dispatched to the scene.
¶ 3. Officer Coleman reported that he drove to the rear of the store and found an individual attempting to enter the rear of the store through an opening. Further investigation showed the opening to be for a window-unit air -conditioner that had been shoved into the inside of the store. The individual had been attempting to navigate his way into the store through the empty metal supporting device that held the air conditioning unit in place. Officer Coleman reported that approximately the upper half of the person’s torso was inside the opening when he first drove to the rear of the building. That individual was apprehended at the scene and was identified as the defendant, Lorenzo Dillingham. Dillingham gave a statement indicating *813 that he had come from Jackson in the company of a friend to visit the local casino and that they had stopped at this location because their automobile engine was overheating. He claimed that he and his companion had first gone to the rear of the Tobacco Outlet in order to urinate when they discovered the already-existing opening. They had moved their vehicle to the laundromat in order to avoid bringing suspicion on themselves and had then returned to investigate when Officer Coleman arrived at the scene.
¶ 4. Officer Coleman reported seeing another individual that he could only describe as a black male fleeing in a southerly direction from the Tobacco Outlet premises as he drove up. Attempts to track this individual proved unsuccessful.
¶ 5. A check of the registration of the vehicle showed it to be registered to Jacob Henderson. Approximately an hour to an hour and half after incident, another Natchez police officer, Lieutenant Roosevelt Baldwin, was patrolling the area. He observed a black male walking toward the Tobacco Outlet from a southerly direction. When Baldwin stopped the individual, he identified himself as Jacob Henderson. Henderson was arrested and gave a statement in which he contended that his car had overheated at the laundromat and he had left it there to cool off while he walked to the casino — a distance of some three miles.
II.
The Sufficiency of the Evidence
A.
As to Lorenzo Dillingham
¶ 6. Dillingham argues that the State’s evidence failed to establish that he broke into the store. He claims that the State’s case was entirely circumstantial and that, therefore, the State’s burden was to prove his guilt beyond a reasonable doubt to the exclusion of every reasonable hypothesis consistent with innocence, citing Murphy v. State, 566 So.2d 1201, 1204 (Miss.1990). Dillingham suggests that it was entirely plausible that he and his companion had merely stopped to investigate the malfunction of their automobile and that they had taken advantage of the seclusion of the rear of the business for the purpose of answering nature’s call. The fact that the air conditioner had crashed out of its opening and fallen to the floor inside the premises doing substantial damage, he hypothesizes, could be attributable to “decay or insecure fastening” causing the unit to slip out of the supporting frame.
¶7. To begin with, Dillingham’s legal premise is incorrect. This is not a circumstantial evidence, case. Dillingham, in advancing that argument, ignores the testimony of Officer Coleman that, when he first arrived on the scene, he saw Dilling-ham with his upper torso thrust into the opening left by the air conditioner. The owner testified that the air conditioner had been in its proper place when the business had closed for the day. Also Officer Stump, though approximately one hundred yards from the building, testified to seeing someone involved in physical activity at the location of the air conditioning opening and to hearing sounds resembling the cracking of wood that were loud enough to be clearly heard at that distance.
¶ 8. Our obligation, when assessing an attack on the sufficiency of the prosecution’s evidence of guilt, is to view all of the evidence in the light most favorable to upholding the verdict. Taylor v. State, 733 So.2d 251, 256 (Miss.1999). The crime of burglary consists of the breaking and entering the premises with the intention of committing a theft once inside. Miss.Code Ann. § 97-17-33 (Supp.1999). When viewed in the required light, we are satisfied that the jury could reasonably conclude that the activities seen and heard by Officer Stump were the efforts necessary to push the air conditioner out of the opening onto the floor inside the building and that Dillingham then took advantage *814 of that opening to begin an entry into the premises for the purpose of committing a theft once inside. The fact that Dilling-ham did not entirely succeed in his effort to enter the building is not helpful to his case. The slightest physical entry into the previously secure enclosure is sufficient to satisfy the “entering” component of a burglary. Branning v. State, 222 So.2d 667, 669 (Miss.1969).
B.
As to Jacob Henderson
¶ 9. The State’s theory of the crime was that Henderson and Dillingham were working in concert to accomplish the burglary and that Henderson was aiding and abetting Dillingham in his efforts by (a) providing the transportation and (b) acting as a lookout for Dillingham while he did the actual entry. Henderson, as does Dill-ingham, urges that this is a circumstantial evidence case as to him. We disagree. Though Officer Coleman was unable to identify Henderson as being one of the two black males he saw on the Tobacco Outlet premises, we are satisfied that additional evidence presented at trial, including Henderson’s own out-of-court statement that he had parked his vehicle at the laundromat, was enough for the jury to reasonably draw the conclusion that he was the second black male on the scene that was observed to flee the area on foot when the police arrived.
¶ 10. Again, viewing the evidence in the light most favorable to the State, there was evidence that Henderson drove himself and Dillingham to the rear of the store where one of them committed some act near the air conditioner outlet that produced a noise loud enough to be heard by Officer Stump, over one hundred yards away. There was evidence that the two subsequently moved the vehicle to the nearby laundromat before they returned to the premises with Dillingham going to the réar and Henderson going to the front of the building, where he remained until he observed the police car arrive, at which time he fled on foot. From this evidence, the jury could draw the reasonable inference that Henderson fully understood what Dillingham intended to accomplish and that Henderson was acting as a lookout for Dillingham to aid and assist him in that enterprise, even though Dillingham himself might have some quarrel with the competency with which Henderson performed his duty.
¶ 11. When two persons act in concert to accomplish a crime, both may be convicted as principals even though one only aids, abets and assists the other in the commission of the acts necessary to accomplish the crime. Anderson v. State, 397 So.2d 81, 84 (Miss.1981); Walters v. State, 218 Miss. 166, 171-72, 65 So.2d 465, 467 (1953). In this case, the jury could reasonably conclude that' Henderson’s efforts were undertaken for the specific purpose of aiding and assisting Dillingham in his efforts to gain entry to the Tobacco Outlet premises for the purpose of committing an act of theft once inside. That being the case, the evidence was sufficient to support Henderson’s conviction of burglary.
III.
The Weight of the Evidence
¶ 12. Henderson and Dillingham both alternatively argue that, at a minimum, they should be entitled to a new trial on the ground that their convictions were against the weight of the evidence. URCCC 10.5; Collier v. State, 711 So.2d 458, 461 (Miss.1998). The trial court has substantial discretion in granting a new trial on this basis. It is required to view all of the evidence in the light most favorable to upholding the verdict and should set a guilty verdict aside and order a new trial only to- prevent a manifest injustice. Collier, 711 So.2d at 461. If that motion is denied, an appellate court may overturn that ruling only if it is convinced that the trial court abused its discretion in so ruling. Id.
*815 ¶ 13. Neither Henderson nor Dillingham presented any evidence by way of defense after the State rested. Neither defendant, in briefing this part of his argument, points to any particular evidence developed in the State’s case-in-chief that, if believed by the jury, would tend to make their guilt less likely. All they offer by way of counterweight to the substantial body of evidence pointing towards guilt is their own self-serving and facially implausible post-arrest statements to the police.
¶ 14. Concluding that the substantial weight of the evidence presented at trial, which was neither contradicted nor impeached, points toward the criminal culpability of both these defendants, we decline to find that the jury’s verdicts were against the weight of the evidence.
¶ 15. THE JUDGMENTS OF THE CIRCUIT COURT OF ADAMS COUNTY OF CONVICTION OF BURGLARY OF A STOREHOUSE AS AN HABITUAL OFFENDER AND INDIVIDUAL SENTENCES OF SEVEN YEARS WITHOUT PAROLE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED AS TO APPELLANTS JACOB HENDERSON AND LORENZO DILL-INGHAM. ALL COSTS OF THESE APPEALS ARE ASSESSED TO ADAMS COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.