## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1998-KA-01124-SCT

*KENDALL HAYNES*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/25/1998 |
| TRIAL JUDGE: | HON. BARRY W. FORD |
| COURT FROM WHICH APPEALED: | MONROE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MELVIN C. ELLIS, III |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | JOHN R. YOUNG |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 06/17/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 7/8/99 |

**BEFORE PRATHER, C.J., BANKS AND SMITH, JJ.**

**PRATHER, CHIEF JUSTICE, FOR THE COURT:**

### STATEMENT OF THE CASE

¶1. On September 22, 1997, Kendall Haynes ("Haynes") was indicted for the burglary of the Junior Food Mart in Aberdeen. The indictment alleged that on May 31, 1997, Haynes "did willfully, feloniously, and burglariously break and enter a certain building owned by Junior Food Mart." On June 25, 1998, Haynes was convicted of burglary and, following a separate sentencing hearing, sentenced to seven years in prison with no eligibility for parole as a habitual offender. Haynes' post-trial motions were overruled, and he timely appealed to this Court.

### ISSUES

**I. The trial court erred in failing to grant the appellant's motion for directed verdict based on the State's failure to meet their burden of proof of the elements of burglary.**

¶2. Haynes argues that his burglary conviction was not supported by the evidence given that, he contends, there was no evidence that he engaged in an unlawful breaking and entering of the convenience store in

question. This Court noted in *Alford v. State*, 656 So.2d 1186, 1190 (Miss. 1995) that "the crime of burglary has two essential elements: `the unlawful breaking and entering and the intent to commit some crime once entry has been gained.'" (quoting *Winston v. State*, 479 So.2d 1093, 1095 (Miss. 1985), citing *Moore v. State*, 344 So.2d 731, 735 (Miss. 1977)). See also *Ross v. State*, 603 So.2d 857 (Miss. 1992).

¶3. Although the parties provide very different accounts of the facts of the present case, all parties agree that Haynes' original entry into the Junior Mart was not through an express breaking. To the contrary, the State acknowledges that Haynes originally entered the store legally, during its business hours, and that he was in the store's bathroom at the time the store closed. The State argues that Haynes hid in the restroom prior to its closing with the express purpose of stealing from the store once it closed. Haynes testified, however, that he went to use the restroom shortly before the store's closing and that he passed out there, only to awaken after the store had closed. Haynes' account of the incident was set forth in his brief as follows:

> Haynes testified that he entered the store, purchased some items and asked to use the rest room. Once inside the restroom, he blacked out and did not wake up until some three hours later. There was not one iota or shred of evidence to dispute this testimony.

¶4. The State notes, however, that the prosecution presented evidence to the jury which indicated that Haynes' intent was, in fact, to commit larceny in the store. Monroe County Deputy Sheriff Sammy Mitchell testified that after he and other officers responded to an alarm at the store, they arrived to find Haynes in the act of committing larceny in the store. Deputy Mitchell testified that:

> (Haynes) was kneeled in the - - sitting on the floor. There was two cash register drawers next to him and two bags. We knocked on the door. He held up a finger like, wait just a minute. And he got a set of keys and came and started unlocking the door as if he was an employee. But we're standing there looking at padlocks on the outside of the door. Then we ordered him to get down on the floor. .... And then when he saw the door was locked, he went to the back, pulled a bandana over his face, came behind the counter back up to the cash register area where there's a service window, and began to open it. And when he started out the service window, we subdued him and arrested him at that point.

In addition to the testimony of the officers who arrested Haynes, the jury was also presented with a videotape of Haynes dragging a garbage bag full of stolen goods around the store.

¶5. Haynes concedes that the State may have presented evidence that he had committed some crime, but that any crime which he may have committed was not burglary. Haynes argues that:

> At the very most the State might have been able to prove that once Mr. Haynes woke up and discovered he was still inside the Jr. Food Mart, that he improperly took advantage of the situation and attempted to steal some items therein. This might have resulted in a conviction for shoplifting, or possibly for larceny or attempted larceny, depending on the value of any items he may have actually gotten out of the store with or attempted to get out of the store with, but this would have been the most that the State could have proven. They could not have even proven the underlying and lesser included offense of trespassing as they were, again, unable to prove the element of Mr. Haynes being on the premises unlawfully.

We conclude that Haynes' argument lacks merit.

¶6. This Court recently addressed a fact pattern analogous to that in the case at bar in ***Templeton v. State***, 725 So.2d 764 (Miss. 1998). In ***Templeton***, this Court held that a defendant was properly convicted of burglary of a dwelling where the defendant did not actually break into the dwelling, but rather had been invited into the house by the homeowner, but with the full intention of committing unlawful acts in the house. This Court held that:

> Consequently, where Templeton admits that he intended to commit a burglary upon entering the house, the fact that he may have been invited into the house becomes irrelevant because ... there was clearly a constructive breaking. We hold that constructive breaking is present where the invitation is gained by deceit, pretense, or fraud. Inasmuch as an owner would not knowingly grant someone permission to enter his house with the intent to commit the crime of burglary ... Templeton's entry was obviously gained by deceit, pretense or fraudulent means. ...

***Templeton***, 725 So.2d at 767. We conclude that a similar result should apply in the present case.

¶7. Given that the jury was presented with compelling evidence that Haynes committed larceny once in the store, the jury could reasonably have concluded that Haynes' initial entry into the store was made for the express purpose of committing an unlawful act. The jury could also reasonably have concluded that Haynes' request to use the restroom was in fact a subterfuge to stay in the store unlawfully past its closing hour in order to commit larceny in the store once its employees had left. Under ***Templeton***, it is apparent that the jury could have reasonably found that Haynes engaged in a constructive breaking of the store, due to the fact that his entry into the restroom, and his trespassing in the store past its closing hour, were committed with "deceit, pretense, or fraud." ***Id.*** This Court accordingly concludes that Haynes was not unlawfully convicted of burglary under the facts herein, and this point of error is without merit.

> **II. The trial court erred in failing to grant appellant's request that a "two-theory" or "alternate theory" instruction be given to the jury and in failing to give a requested circumstantial evidence instruction.**
>
> **III. The trial court erred in failing to grant the appellant's request for a jury instruction based upon the *Weathersby* rule.**

¶8. Haynes next attempts to avail himself of two rules of law which are clearly inapplicable to the present case. First, Haynes argues that the trial court should have granted a "two theory" or "alternate theory" instruction applicable to cases based on circumstantial evidence. This argument is without merit. This Court has held that "(t)he rule in Mississippi is that a circumstantial evidence instruction should be given only when the prosecution can produce neither eyewitnesses or a confession to the offense charged." ***Stringfellow v. State***, 595 So. 2d 1320, 1322 (Miss. 1992). It is apparent that the present case is not based solely, or even primarily, on circumstantial evidence, given that police officers testified that they observed Haynes in the process of committing unlawful acts. In addition, the jury was also able to observe Haynes committing unlawful acts on videotape, and this evidence constitutes direct, rather than circumstantial evidence of a crime. This argument is without merit.

¶9. Also without merit is Haynes' argument that the jury should have been given an instruction based on the ***Weathersby*** rule. In ***Weathersby v. State***, this Court stated that:

> [W]here the defendant or the defendant's witnesses are the only witnesses to the homicide, their version, If reasonable, must be accepted as true, unless substantially contradicted in material particulars by a credible witness or witnesses for the state, or by the physical facts or by the facts of common knowledge.

*Weathersby v. State,* 165 Miss. 207, 209, 147 So. 481, 482 (1933); *see also* **Wetz v. State**, 503 So. 2d 803, 808 (Miss. 1987). The State's case against Haynes was based on the testimony of persons who observed Haynes committing unlawful acts, and Haynes' version of events was contradicted by extensive testimony as well as direct evidence in the form of the store videotape. The *Weathersby* rule is accordingly inapplicable to the present case, and these points of error are without merit. The judgment of the trial court is affirmed.

¶10. **CONVICTION OF BURGLARY AS AN HABITUAL OFFENDER AND SENTENCED TO SERVE A TERM OF SEVEN (7) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND SUCH SENTENCE SHALL NOT BE REDUCED OR SUSPENDED, NOR SHALL THE APPELLANT BE ELIGIBLE FOR PAROLE OR PROBATION AFFIRMED. THE APPELLANT SHALL PAY COURT COSTS OF $248.00 AND A TWO PERCENT (2%) BOND FEE OF $100.00.**

**SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE, SMITH, MILLS, WALLER AND COBB, JJ., CONCUR.**