822 So.2d 1141 (2002)
Randolph CLAYTON, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-KA-02096-COA.
Court of Appeals of Mississippi.
July 23, 2002.
*1142 Thomas M. Fortner, Jackson, attorney for appellant.
Office of the Attorney General by Jean Smith Vaughan, attorney for appellee.
Before SOUTHWICK, P.J., BRIDGES, THOMAS, and BRANTLEY, JJ.
THOMAS, J., for the court.
¶ 1. Randolph Clayton was convicted in the Circuit Court of Hinds County of business burglary and sentenced to a term of seven years. Aggrieved, he asserts the following issues:
I. THE TRIAL COURT ERRED IN DENYING CLAYTON'S JURY INSTRUCTIONS D-6 AND D-7.
II. CLAYTON WAS DENIED HIS FUNDAMENTAL RIGHT TO A FAST AND SPEEDY TRIAL.
III. THE CUMULATIVE EFFECT OF THE NUMEROUS ERRORS AT TRIAL UNFAIRLY PREJUDICED CLAYTON AND DENIED HIM A FUNDAMENTALLY FAIR TRIAL.
Finding no error, we affirm.

FACTS
¶ 2. Randolph Clayton entered the Service Merchandise store in Hinds County on November 1, 1998, during regular business hours and proceeded to the restroom. According to his testimony, he had consumed a great deal of wine that caused him to pass out in the restroom. The State argued, however, that he removed a ceiling tile and hid until after the store had closed. The store manager was called twice to the store that night because the alarm system had been activated. On the second trip, the manager and Jackson police officers found Clayton inside the warehouse area of the store. The hinge to the padlocked warehouse area had been pried off according to the store manager's testimony. Clayton was found with two *1143 leather bags containing store merchandise valued at $2,500. Ceiling tiles in the bathroom were found dislodged. Clayton was immediately placed under arrest.
¶ 3. Clayton was indicted for the crime of burglary of a business. A trial was first held on June 5, 2000. Clayton moved for mistrial and another trial was held on October 11, 2000. At the second trial, two Jackson police officers and the store manager testified for the State. Clayton testified in his own defense. In his testimony, he offered a three-fold defense. Initially, he testified that he had consumed a great deal of wine and had passed out in the store bathroom and had done nothing wrong. Clayton then argued that if he had been guilty of anything, it was a mere trespass. Finally, he offered a defense of theft. At the conclusion of the trial, the jury returned with a verdict of guilty as charged. Clayton was sentenced to seven years as a habitual offender and has perfected an appeal to this Court.

ANALYSIS

I. DID THE TRIAL COURT ERR IN DENYING CLAYTON'S JURY INSTRUCTIONS D-6 AND D-7?
¶ 4. Clayton argues on appeal that the trial court erred in denying his jury instructions D-6 and D-7, which would have instructed the jury on his theories of the case. Both D-6 and D-7 were instructions on grand larceny. The Mississippi Supreme Court has held, "lesser offense instructions should not be granted indiscriminately, and only where there is an evidentiary basis in the record." Mangum v. State, 762 So.2d 337, 343(¶ 18) (Miss. 2000) (citing Gangl v. State, 539 So.2d 132, 136 (Miss.1989)). In Mangum, the only testimony which pointed toward a lesser-offense instruction was Mangum's own, and the supreme court held that this was not an adequate evidentiary basis for such an instruction. Id.
¶ 5. Here, the jury was given an instruction allowing them to find Clayton guilty of trespass, which covered two of the three defenses he offered at trial. Although trespass is a lesser-included offense of burglary, if the intent to burglarize is present it is not a trespass but a burglary. Alford v. State, 656 So.2d 1186, 1190 (Miss.1995). It was up to the State to prove the elements of burglary to the jury, and it was the jury's decision whether Clayton entered the store with the intent to steal or whether he passed out in the restroom and formed the intent later.
¶ 6. The Mississippi Supreme Court has adopted the concept of a "constructive breaking" which occurs when entry is gained by threat, deceit, fraud, or trickery. Templeton v. State, 725 So.2d 764, 766(¶ 2) (Miss.1998). "Gaining or enticing an invitation" inside a business or dwelling with the intent to commit a burglary once inside is enough to constitute a "breaking and entering." Id. Similarly, in Genry v. State, 767 So.2d 302, 310(¶ 23) (Miss.Ct.App.2000), asking permission to use the phone in order to gain entry into a convenience store, although permissive, was held to be a constructive breaking because Genry entered with the intent to commit a felony therein.
¶ 7. Evidence was presented in this case that not only had ceiling tiles been removed in the restroom, but also that a padlocked hinge on a warehouse door had been pried open. Clayton was found inside the previously locked warehouse with two bags full of merchandise. "The slightest physical entry into the previously secure enclosure is sufficient to satisfy the `entering' component of a burglary." Henderson v. State. 756 So.2d 811, 814(¶ 8) *1144 (Miss.Ct.App.2000) (citing Branning v. State, 222 So.2d 667, 669 (Miss.1969)).
¶ 8. The State points this Court to the case of Haynes v. State, 744 So.2d 751 (Miss.1999). Haynes entered a store during regular business hours and hid in the restroom until after the store closed. Haynes, 744 So.2d at 752(¶ 3). Haynes claimed that he passed out in the bathroom in a story very similar to Clayton's. Id. After setting off an alarm, Haynes was found by police sitting on the floor with two cash register drawers and two bags. Id. Haynes's entry was held to be a constructive breaking and he was found guilty of burglary of a business. Id. at 753(¶ 7). This case is indeed very similar to Haynes. There was sufficient evidence to support an instruction for burglary, and Clayton did rightly receive an instruction on his theory of trespass. However, in view of the breaking of the padlock in order to gain entry to the warehouse to obtain the merchandise, regardless of how Clayton got to that point, he could no longer claim the case was only larceny.
¶ 9. The evidence was insufficient to warrant an instruction on grand larceny. This issue is without merit.

II. DID THE TRIAL COURT ERR IN DENYING CLAYTON'S MOTIONS FOR A SPEEDY TRIAL?
¶ 10. Clayton filed a motion to dismiss for lack of a constitutional speedy trial on April 25, 2000, and he filed a motion to dismiss for lack of a statutory speedy trial on May 4, 2000. An order denying the first motion was entered on May 29, 2000. In that order, the trial judge heard arguments of counsel and balanced the evidence under the test set forth in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The motion to dismiss was denied on July 18, 2000.
¶ 11. In regard to his motion for a constitutional right to a speedy trial, the four-part test set forth in Barker v. Wingo, 407 U.S. at 530, 92 S.Ct. 2182, must be used. Mitchell v. State, 572 So.2d 865, 870 (Miss.1990). The four factors are length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. Barker, 407 U.S. at 530, 92 S.Ct. 2182. As the State points out, "courts must engage in a difficult and sensitive balancing process." Id. at 533, 92 S.Ct. 2182. Although "this process must be carried out with full recognition that the accused's interest in a speedy trial is specifically affirmed in the Constitution," Id., it should not be forgotten that the right to a speedy trial "does not preclude the rights of public justice." Id. at 527, 92 S.Ct. 2182.

A. Length of Delay
¶ 12. The length of delay was from Clayton's arrest on November 1, 1998, until his trial on October 11, 2000, or a delay of just under two years. It should be noted that considerably longer delays have been found not to require dismissal. Smith v. State, 489 So.2d 1389 (Miss.1986) (seven years); Barker v. Wingo, 407 U.S. at 514, 92 S.Ct. 2182 (over five years); Hughey v. State, 512 So.2d 4 (Miss.1987) (thirty-three months); Genry v. State, 767 So.2d at 307 (four hundred thirteen days). However, any delay of eight months or longer is presumptively prejudicial to the defendant. Birkley v. State, 750 So.2d 1245, 1249(¶ 14) (Miss.1999). This triggers the Barker balancing test. Id. at 1250.

B. Reason for the Delay
¶ 13. The record does not show any continuances of the time of the first trial which was begun on June 5, 2000. If the defendant is the reason for the delay or caused the delay, he will not be allowed to *1145 complain. Perry v. State, 419 So.2d 194, 199 (Miss.1982). There is no showing in the record that the delay between the first and second trial was part of a "deliberate attempt to delay the trial in order to hamper the defense...." Barker v. Wingo, 407 U.S. at 531, 92 S.Ct. 2182.
¶ 14. There is no transcript of the hearings from Clayton's motion for a speedy trial. This Court is limited to the record on appeal, and it is the duty of the appellant to obtain rulings on his motions and make certain the record contains all matters necessary on appeal. Doby v. State, 557 So.2d 533, 536 (Miss.1990). The record does show that a motion was filed for a mistrial after the first trial began on June 5, 2000. This motion was evidently granted as a subsequent trial was held on October 11, 2000. When a trial results in a mistrial, the time of retrial remains within the discretion of the trial court, although a substantial delay may still violate the constitutional right to a speedy trial. Handley v. State, 574 So.2d 671, 676 (Miss. 1990). The time between the first and second trials was only a period of a few months, from June until October. There is, however, nothing in the record to show reasons for delay of the first trial in June. This factor counts against the State.

C. Defendant's Assertion of his Right
¶ 15. Clayton asserted his right to a speedy trial on April 25, 2000. The first trial began on June 5, 2000. This factor counts in his favor.

D. Prejudice to the Defendant
¶ 16. The final factor is to consider whether there is prejudice to the defendant. A speedy trial claim requires showing of actual prejudice and intentional delay. Beckwith v. State, 615 So.2d 1134, 1144 (Miss.1992). Clayton claims prejudice, stating that he was oppressed by his incarceration and had suffered memory loss which made him unable to aid his counsel in his defense. Nothing in the record supports Clayton's claim of memory loss or inability to assist in his defense. Clayton bears the burden of presenting a record which is sufficient to show his assignments of error. Williams v. State, 522 So.2d 201, 209 (Miss.1988).
¶ 17. Although pretrial incarceration is inherently prejudicial, Clayton has not demonstrated any actual prejudice. Perry v. State, 637 So.2d 871, 876 (Miss.1994). Since Clayton has not showed us any specific prejudice, he is left with presumptive prejudice only. This factor, therefore, weighs heavily in favor of the State. State v. Magnusen, 646 So.2d 1275, 1284 (Miss. 1994).

Balancing the Factors
¶ 18. Examining the factors from Barker v. Wingo together, we find there to be no denial of the right to a speedy trial. Although the delay was not insignificant, it was not inordinate. The record does not reveal the reason for the delay, and Clayton did not demonstrate any specific prejudice other than presumptive prejudice. The trial court did not err in denying Clayton's motion to dismiss for violating his constitutional right to a speedy trial.
¶ 19. Clayton also argues the trial court erred in denying his motion to dismiss under Mississippi Code Annotated Section 99-17-1 (Rev.2000), which requires that an accused be brought to trial within 270 days of his arraignment unless there is good cause for a delay. The 270-day rule does not apply to retrials. Mitchell, 572 So.2d at 870. Clayton waived arraignment, the date which triggers the beginning of the 270 days under the statute. He does not offer any argument or supporting authorities to show that the trial judge erred in denying his motion to dismiss, *1146 which must be viewed simply as such since he made a demand for a speedy trial under the constitutional provisions.
¶ 20. Clayton "never really asserted a right to a speedy trial" under the 270-day statute but instead moved to dismiss. Adams v. State, 583 So.2d 165, 169 (Miss. 1991). In Adams, the defendant asserted that he deserved either an instant trial or one in January the following year. Id. When January arrived, Adams, like Clayton, sought dismissal rather than a speedy trial. This was denied and he was tried. Id.
¶ 21. We find this issue is without merit.

III. DID THE CUMULATIVE EFFECT OF THE NUMEROUS ERRORS AT TRIAL UNFAIRLY PREJUDICE CLAYTON AND DENY HIM A FUNDAMENTALLY FAIR TRIAL?
¶ 22. Clayton asserts that there were errors in his case which have the cumulative effect of warranting a reversal as found in Griffin v. State, 557 So.2d 542, 553 (Miss.1990). "The Constitution of this State, only requires that an accused get a fair trial, not a perfect one." Lutes v. State, 517 So.2d 541, 546 (Miss.1987). See Sand v. State, 467 So.2d 907, 911 (Miss. 1985); Bell v. State, 443 So.2d 16, 21 (Miss. 1983); Palmer v. State, 427 So.2d 111, 115 (Miss.1983); Shaw v. State, 378 So.2d 631, 635 (Miss.1979). Clayton has failed to allege any errors which singularly or collectively are so great as to show that he was denied a fair trial. Having failed to demonstrate prejudice which rises to the level of reversible error, this issue is likewise without merit.
¶ 23. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY OF CONVICTION OF BUSINESS BURGLARY AND SENTENCE AS AN HABITUAL OFFENDER OF SEVEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. SENTENCE SHALL RUN CONSECUTIVELY TO ANY PREVIOUSLY IMPOSED SENTENCE. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE HINDS COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.