872 So.2d 53 (2003)
Willie B. JONES, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KA-01528-COA.
Court of Appeals of Mississippi.
December 9, 2003.
Rehearing Denied March 30, 2004.
*54 Bennie L. Jones, West Point, attorney for appellant.
*55 Office of the Attorney General by Scott Stuart, attorney for appellee.
Before KING, P.J., IRVING and GRIFFIS, JJ.
GRIFFIS, J., for the Court.
¶ 1. Willie B. Jones appeals his conviction for the crime of embezzlement. On appeal, Jones asserts that the trial court erred in denying his motion for directed verdict, in denying the motion for new trial, in not giving a cautionary instruction to the jury, and in removing a juror.

FACTS
¶ 2. Derrick Leslie was employed by Johnny Johnson's Furniture Store, located in Rienzi. On December 8, 2000, Leslie drove to Johnston Tombigbee Furniture Manufacturing Company (Johnston Tombigbee), located in Columbus, to pick up furniture ordered by Johnny Johnson.
¶ 3. When he arrived at Johnston Tombigbee, Leslie drove his truck to the loading dock where he encountered Willie B. Jones. Jones was a supervisor of the loading dock at Johnston Tombigbee. Jones instructed certain Johnston Tombigbee employees to load the ordered furniture on the truck Leslie was driving.
¶ 4. At trial, Leslie testified that when he arrived at the Johnston Tombigbee loading dock, he asked Jones for some additional furniture and that Jones sold him a twenty-five hundred series bedroom set, an $800 value, for $200 in cash. Leslie testified that he placed two one hundred dollar bills in Jones's pocket, and Jones then loaded the furniture onto Leslie's truck.
¶ 5. Lee Roy Scott, the security guard, testified that he stopped Leslie at the gate and inspected the truck. Scott testified that he found that seven items of furniture were not properly tagged.
¶ 6. Marion Gillis, the Johnston Tombigbee plant manager, testified that he was called to the gate by Scott and that there were seven pieces on Leslie's truck that were not purchased by Johnny Johnson's Furniture Store and were not authorized to leave Johnston Tombigbee. Gillis sent the truck back to the dock. He retrieved the appropriate paperwork and after examining the paperwork and the furniture in question, Gillis confirmed that the twenty-five hundred series bedroom set, consisting of seven pieces, was unauthorized and should not have been on Leslie's truck.
¶ 7. Officer Wayne McLemore, of the Columbus Police Department, testified that he found four one hundred dollar bills on Jones after the incident. The money was copied, and the photocopy of the cash was then entered into evidence.
¶ 8. Tony Colvin testified that Jones was the only other employee present at the time Leslie's truck was loaded. Colvin testified that he was called away soon after loading the authorized furniture. Colvin also testified that Jones was the only person who had authority to go into the warehouse and retrieve furniture on his own. However, Colvin could not testify that he saw Jones receive any money from Leslie or that he saw Jones place the unauthorized furniture on the truck. Colvin did not see Leslie load any furniture onto the truck.
¶ 9. Laderriel Hunter testified that two individuals, Charles Montgomery and Colvin, assisted Jones in loading Leslie's truck. He further testified that Montgomery was the forklift driver and that Jones authorized the forklift operator to retrieve the furniture from the warehouse. Hunter also testified that it is not possible that an entire bedroom set could accidentally be loaded onto a truck.
*56 ¶ 10. Montgomery testified that he never knew Jones to load furniture that was not authorized. He further testified that he helped Jones and Colvin that day and that he did not specifically recall bringing a twenty-five hundred series bedroom set from the warehouse to Leslie's truck.
¶ 11. Jones testified and denied the accusations.
¶ 12. After deliberations, the jury returned a verdict finding Jones guilty of the crime of embezzlement. The Circuit Court of Lowndes County sentenced Jones to three years in the custody of the Mississippi Department of Corrections and three years of post-release supervision.

LEGAL ANALYSIS

1. Whether the trial court erred in denying Jones's motion for directed verdict.
¶ 13. Jones attacks the sufficiency of the State's evidence alleging that the only proof of the elements of guilt is the testimony of Derrick Leslie. A request for a directed verdict implicates the sufficiency of the evidence. Our standard of review on the question of the legal sufficiency of the evidence is clearly defined. In Manning v. State, 735 So.2d 323, 333 (¶ 10) (Miss.1999), the Mississippi Supreme Court held:
When on appeal one convicted of a criminal offense challenges the legal sufficiency of the evidence, our authority to interfere with the jury's verdict is quite limited. We proceed by considering all of the evidencenot just that supporting the case for the prosecutionin the light most consistent with the verdict. We give [the] prosecution the benefit of all favorable inferences that may reasonably be drawn from the evidence. If the facts and inferences so considered point in favor of the accused with sufficient force that reasonable men could not have found beyond a reasonable doubt that he was guilty, reversal and discharge are required. On the other hand, if there is in the record substantial evidence of such quality and weight that, having in mind the beyond a reasonable doubt burden of proof standard, reasonable and fair-minded jurors in the exercise of impartial judgment might have reached different conclusions, the verdict of guilty is thus placed beyond our authority to disturb.
¶ 14. We begin our consideration with the statutory language defining the crime of embezzlement. Mississippi Code Annotated Section 97-23-19 (Rev.2000) provides:
If any director, agent, clerk, servant, or officer of any incorporated company ... shall embezzle or fraudulently secrete, conceal, or convert to his own use, or make way with, or secrete with intent to embezzle or convert to his own use, any goods, rights in action, money, or other valuable security, effects, or property of any kind or description which shall have come or been intrusted to his care or possession by virtue of his ... employment, either in mass or otherwise, he shall be guilty of felony embezzlement.
¶ 15. The jury is the sole judge of the weight and worth of testimony. Brown v. State, 726 So.2d 248, 250(¶ 8) (Miss.Ct.App.1998). The jury may draw any reasonable inferences from the evidence. Tolbert v. State, 407 So.2d 815, 820 (Miss.1981). We look to the evidence that was considered by the jury and to what inferences could have been drawn by the jury. Here, we find that there was sufficient evidence for the jury to find that Jones made an unauthorized sale of furniture, owned by Johnston Tombigbee, to Leslie and kept the money for himself, *57 thereby converting Johnston Tombigbee's property for his own use.
¶ 16. An examination of the record reveals that Leslie testified that Jones sold him a twenty-five hundred series bedroom set for $200. Leslie further testified that he placed two one hundred dollar bills in Jones's pocket, and Jones then loaded the furniture onto Leslie's truck. Lee Roy Scott, the security guard, testified that he stopped Leslie from leaving the facility and inspected the truck. He found that seven items of furniture were not properly tagged. Marion Gillis, the plant manager, testified that he confirmed that there was an unauthorized extra twenty-five hundred series bedroom set, consisting of seven pieces, on Leslie's truck. Officer Wayne McLemore of the Columbus Police Department testified that he found four one hundred dollar bills on Jones after the incident.
¶ 17. The uncorroborated testimony of an accomplice is sufficient to sustain a conviction. Finley v. State, 725 So.2d 226, 236(¶ 38) (Miss.1998); Holly v. State, 671 So.2d 32, 40 (Miss.1996). Where there is slight corroborative evidence, the accomplice's testimony is likewise sufficient to sustain a verdict. Ballenger v. State, 667 So.2d 1242, 1253 (Miss.1995). This general rule is inapplicable only where the accomplice testimony is unreasonable, self contradictory or substantially impeached. Id.
¶ 18. Jones argues that Leslie's testimony at trial contradicted his statement to police concerning his intentions for the purchased furniture, therefore rendering his testimony self-contradictory. Upon review of the record, Leslie stated to police on the day in question that he was going to deliver the bedroom set to Anita James and that after the incident he called her and told her that, "I didn't do no good." At trial, Leslie testified that he did not know a lady named Anita James. Although, Leslie's statements to police concerning the destination of the purchased furniture contradicts Leslie's testimony at trial, we find that this contradiction has no relationship to his testimony concerning Jones's participation in the crime. It certainly does not contradict his testimony about where and how he obtained the furniture.
¶ 19. Following the appropriate standard, we find that the testimony of Leslie concerning Jones's participation in the crime was not unreasonable, self-contradictory or substantially impeached. In fact, there was testimony that corroborated the facts as described by Leslie. An unauthorized twenty-five hundred series furniture set was on Leslie's truck and four hundred dollar bills were found on Jones's person, two of which the jury could have reasonably inferred were from Leslie. Consequently, there was evidence in the record which was sufficient to support the verdict of the jury. Thus, we find that this assignment of error is without merit.

2. Whether the trial court erred in denying Jones's motion for a new trial.
¶ 20. Jones asserts that the court erred in denying his motion for new trial because the verdict was against the overwhelming weight of the evidence. Jones specifically claims that no evidence was presented that his fingerprints were found on the furniture allegedly stolen by him and that no evidence was presented that Leslie's fingerprints were found on the money allegedly given to Jones by Leslie for the stolen furniture. The Mississippi Supreme Court established the following standard of review:
In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true *58 the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal. As such, if the verdict is against the overwhelming weight of the evidence, then a new trial is proper.
Baker v. State, 802 So.2d 77, 81(¶ 14) (Miss.2001) (quoting Dudley v. State, 719 So.2d 180, 182 (¶ 8) (Miss.1998)).
¶ 21. As stated above, there was sufficient evidence presented to support the verdict. The Mississippi Supreme Court has held that "the jury is the judge of the weight and credibility of testimony and is free to accept or reject all or some of the testimony given by each witness." Meshell v. State, 506 So.2d 989, 991 (Miss. 1987). Accepting as true all evidence favorable to the State, this Court is compelled to conclude that the evidence was of such weight to support the jury's findings. We do not find that the evidence in favor of the defendant was overwhelmingly contrary to the verdict. Therefore, we find this assignment of error to be without merit.

3. Whether the court erred in not giving a cautionary instruction
¶ 22. Jones next contends that the trial court erred in failing to instruct the jury that the testimony of accomplice Derrick Leslie should be considered with great caution. Jones offers the following:
Accomplice testimony is traditionally viewed with great caution and suspicion. Ellis v. State, 790 So.2d 813, 816 (¶ 8)(Miss.2001) citing Derden v. State, 522 So.2d 752, 754 (Miss.1988). If the evidence admits a reasonable inference that the witness may have been a co-perpetrator or the sole perpetrator, the cautionary instruction should be given. Williams v. State, 729 So.2d 1181, 1188 (¶ 31)(Miss.1998). A cautionary instruction is warranted when the testimony of an accomplice is "unreasonable, self contradictory or substantially impeached." Ballenger v. State, 667 So.2d 1242, 1253 (Miss.1995). Although, it is in the judge's discretion to award a cautionary instruction, this court has stated that a judge abuses that discretion when the State's evidence rests solely upon the testimony of an accomplice and there is some question as to the reasonableness and consistency of the testimony, or the defendant's guilt is not clearly proven. Green v. State, 456 So.2d 757, 758 (Miss. 1984). Two of the aspects in determining whether or not the discretion has been abused are (1) was the witness in fact an accomplice, and (2) was his testimony without corroboration. Derden, 522 So.2d at 754.
¶ 23. The State asserts that this issue is procedurally barred because Jones did not request such an instruction. Upon review, we find no request for a cautionary instruction. Additionally, absent from the record is a request to instruct the jury as to the weight of Leslie's testimony.
¶ 24. "The case law does not impose upon a trial court a duty to instruct the jury sua sponte, nor is a court required to suggest instructions in addition to those which the parties tender." Wansley v. State, 734 So.2d 193, 198 (¶ 20) (Miss.Ct.App.1999). In Wansley v. State, Wansley argued that the trial court erred in failing to instruct the jury that the testimony of an accomplice should be weighed with great caution. This Court found the issue to be procedurally barred because Wansley's defense counsel did not *59 request that the trial judge grant such an instruction. Id. at (¶ 20).
¶ 25. Furthermore, in Ballenger v. State, 667 So.2d 1242, 1252 (Miss.1995), the appellant complained that the trial judge erred by refusing to grant a particular instruction. While a copy of this particular instruction was included in the record, it bore no evidence that it had been filed or that the appellant's counsel had asked the trial court to consider it at all. Id. The Mississippi Supreme Court declined to find any error and explained:
Although D-22 is found in the court papers it is not marked in any fashion as being refused, given or withdrawn. There is no mention of D-22 in the transcript. Counsel did not draw it to the attention of the trial court during the discussion of jury instructions nor in Ballenger's motion for new trial. It is the appellant's duty to make sure a claimed error is properly preserved on record. This failure to make a sufficient record concerning instruction D-22 precludes Ballenger from complaining now that the instruction was not given.
Id. (citations omitted). In the present case, the defense did not offer or request an accomplice instruction. Accordingly, this issue is procedurally barred.

4. Whether the court erred in dismissing one of the jurors.
¶ 26. Jones's final argument is that the circuit court erred when, during deliberations, the court dismissed a juror and substituted the alternate. Conversely, the State argues that the juror was dismissed well before the jury began its deliberations, this issue is procedurally barred, and that the dismissal and replacement of a juror with an alternate was within the trial court's discretion. The State further contends that there was sufficient evidence in the record to support the court's decision to excuse the juror.
¶ 27. Upon review, the record indeed reflects that Jones did not object to the juror's dismissal and replacement. Jones argues that he was never given a chance to object to the dismissal of the juror. We disagree.
¶ 28. Prior to the State's opportunity to rebut the defense's case in chief, the instruction conference, and closing arguments, the bailiff informed the trial court that juror number nine, Mr. Richardson, stated that he could not be fair and impartial because he suddenly remembered that he recognized a witness who testified during trial. The trial court then questioned the juror and concluded:
Well, I think the Court is faced with a juror that stated to the Court in open Court after a witness has testified that he knew the witness, and that his knowledge of the witness influenced him and would influence him in this case. The Court has no choice. Thank you Mr. Richardson. I am going to discharge you from this jury and place the alternate in, in your place. You may go.
¶ 29. Jones had an opportunity to object to the dismissal of the juror at this time, but did not. The Mississippi Supreme Court has explained that "[o]ur law is clear that an appellant must present to us a record sufficient to show the occurrence of the error he asserts and also that the matter was properly presented to the trial court and timely preserved." Lambert v. State, 574 So.2d 573, 577 (Miss. 1990). Failure to object at trial waives the objection on appeal. Smith v. State, 797 So.2d 854, 856(¶ 7) (Miss.2001); Norman v. State, 302 So.2d 254, 259 (Miss.1974). We find that Jones failed to properly preserve this issue for appeal, and therefore, it is procedurally barred.
*60 ¶ 30. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT OF CONVICTION OF EMBEZZLEMENT AND SENTENCE OF THREE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, $1,000 FINE, AND THREE YEARS OF POST RELEASE SUPERVISION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.