KING, C.J., for the Court.
 

 ¶ 1. Hillie Fulgham was convicted in the Circuit Court of Oktibbeha County of burglary of a business. He was sentenced as a habitual offender to serve seven years in the custody of the Mississippi Department of Corrections (MDOC), without eligibility for parole, and ordered to pay a fine in the amount of $10,000. Aggrieved, Fulgham appeals his conviction and sentence, raising three issues on appeal:
 

 I. Whether the trial court erred by denying his motion for a directed verdict;
 

 II. Whether the trial court erred by refusing to give his defense theory jury instruction; and
 

 III. Whether the verdict was contrary to the legal sufficiency and weight of the evidence.
 

 Finding no error, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. Garner’s Meat Processing Company (Garner’s), located in Sturgis, Mississippi, is a professional meat processor of wild game. As a convenience to his customers, Dennis Garner (Dennis), the owner, would leave the back door of the facility open during deer hunting season so that customers could leave their field-dressed deer in the cooler.
 

 ¶ 3. On November 10, 2004, Dennis discovered that $858 worth of meat had been stolen from his store. A few months later, Chris Jones called Dennis’s father and confessed that he, along with Jason Mann and Fulgham, stole the meat from Garner’s. Dennis then contacted the authorities.
 

 ¶ 4. On January 20, 2005, Fulgham was indicted for the burglary of Garner’s. The indictment was later amended to charge Fulgham as a habitual offender.
 

 ¶ 5. The trial commenced on October 17, 2007. Jones testified that he, Mann, and Fulgham were drinking and “spotlighting” deer on the night of the incident. During their excursion, they decided to take some meat from Garner’s. Jones testified that he drove a pickup truck to Garner’s and dropped off Mann and Fulgham at the
 
 *560
 
 back of the building. Jones circled down the street and returned to Garner’s. When he returned, Mann and Fulgham were waiting in front of the building with the meat. They loaded the meat into the bed of the truck and went back inside Garner’s to retrieve more meat. Jones testified that they did this a few times before leaving Garner’s. After they left Garner’s, they drove to Fulgham’s house; they divided the meat, leaving some at Fulgham’s house; and then they went their separate ways.
 

 ¶6. Mann also testified during Fulg-ham’s trial. He testified that he and Fulg-ham entered Garner’s through the back door, took some meat, and loaded it into the back of a pickup truck. Fulgham testified and denied taking part in the burglary of Garner’s. Fulgham claimed that Jones and Mann fabricated the entire story.
 

 ¶ 7. Fulgham made a motion for a directed verdict, which the trial court denied. On October 18, 2007, an Oktibbeha County jury found Fulgham guilty of the burglary of Garner’s. The trial court sentenced Fulgham as a habitual offender to serve seven years in the custody of the MDOC, without eligibility for parole, and ordered him to pay a $10,000 fine.
 

 ¶ 8. Fulgham filed a motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, for a new trial. The trial court denied the motion. Aggrieved, Fulgham timely filed this appeal.
 

 ANALYSIS
 

 I. Directed Verdict
 

 ¶ 9. Fulgham argues that the trial court erred by denying his motion for a directed verdict because the State failed to prove an element of the crime — that he broke into Garner’s. On appeal, this Court reviews the trial court’s denial of a motion for a directed verdict as follows:
 

 A motion for a directed verdict challenges the sufficiency of the evidence. In reviewing a denial of a motion for a directed verdict, this Court must view all evidence in the light most favorable to the verdict. This Court will not reverse unless, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.
 

 Luckett v. State,
 
 989 So.2d 995, 997(¶ 7) (Miss.Ct.App.2008) (internal citations and quotations omitted).
 

 ¶ 10. Fulgham was indicted for burglary of a business pursuant to Mississippi Code Annotated section 97-17-33(1) (Rev.2006). To secure a conviction, the State had to prove that Fulgham broke into and entered Garner’s with the intent to steal or commit a felony.
 
 See Genry v. State,
 
 767 So.2d 302, 309(¶21) (Miss.Ct.App.2000). A breaking includes “any act or force, however, slight, employed to effect an entrance through any usual or unusual place of ingress, whether open, partly open, or closed.’ ”
 
 Id.
 
 (citation omitted). Because Dennis gave his customers permission to enter the store after business hours, the State’s theory at trial was that there was a constructive breaking. A constructive breaking is an invitation to enter the premises obtained “by threat, deceit, fraud, or trickery.”
 
 Clayton v. State, 822
 
 So.2d 1141, 1143(¶ 6) (Miss.Ct.App.2002).
 

 ¶ 11. First, Fulgham contends that there was no testimony that he entered Garner’s. Jones testified that he dropped Mann and Fulgham off at Garner’s, and they were waiting in front of the store with meat when he returned. Athough Mann did not state that he entered Garner’s, he testified that he and Fulgham took meat out of Garner’s and loaded it into the back
 
 *561
 
 of a pickup truck. We find that this testimony is sufficient to show that Fulgham entered Garner’s.
 

 ¶ 12. Next, Fulgham argues that there was no evidence that he obtained entry to Garner’s by a threat, deceit, fraud, or trickery. The supreme court has held that:
 

 [A] defendant was properly convicted of burglary of a dwelling where the defendant did not actually break into the dwelling, but rather had been invited into the house by the homeowner, but with the full intention of committing unlawful acts in the house.
 

 Haynes v. State,
 
 744 So.2d 751, 753(¶ 6) (Miss.1999) (citing
 
 Templeton v. State,
 
 725 So.2d 764, 767(¶ 7) (Miss.1998)). The evidence presented in this case shows that Dennis gave his customers permission to enter his store after business hours
 
 so that they could leave field-dressed deer at his store for processing.
 
 Based on the evidence, Jones, Mann, and Fulgham entered Garner’s with the unlawful intent to steal meat, not to leave deer for processing. Fulgham entered the store with a purpose outside of Dennis’s consent, and it is absurd to assume that Dennis would consent to someone stealing from his store.
 

 ¶ 13. Based on the foregoing, we find that a reasonable jury could have found that Fulgham engaged in a constructive breaking and entering of Garner’s. Thus, the trial court did not err by denying Fulgham’s motion for a directed verdict. This issue is without merit.
 

 II. Defense Theory Jury Instruction
 

 ¶ 14. Fulgham argues that the trial court erred by refusing jury instruction D-ll, and this denied him the right to have a jury instruction embodying his theory of defense. “[A] defendant is entitled to have jury instructions that present his theory of the case[.]”
 
 Ruffin v. State,
 
 992 So.2d 1165, 1176(¶ 33) (Miss.2008). However, the trial court may refuse to give a jury instruction which incorrectly states the law, is covered fairly elsewhere in the instructions, or is without an evidentiary basis for giving the instruction.
 
 Id.
 
 This Court reviews the jury instructions “given as a whole and within context.”
 
 Id.
 
 If the jury instructions given fairly announce the law and create no injustice, this Court will not find any reversible error.
 
 Dampier v. State,
 
 973 So.2d 221, 232(¶ 32) (Miss.2008) (citation omitted).
 

 ¶ 15. Fulgham offered jury instruction D-ll, which stated that:
 

 The Court further instructs the jury that if you find from the evidence that the Defendant, Hillie Fulgham, did not break and enter a certain building called and being Garner’s Meat [Processing] Company, ..., but that Hillie Fulgham, as a member of the general public, had the express or implied consent of Dennis Garner to enter the said property, then you shall find him not guilty of burglary.
 

 The trial court refused jury instruction D-11, finding that it conflicted with the given jury instruction S-5. Jury instruction S-5 stated, in pertinent part, that:
 

 ... if you find from the evidence in this case, beyond a reasonable doubt, that the Defendant, Hillie Fulgham, used some effort to enter Garner’s Meat [Processing Company], and at the time of that entry he had the unlawful intent to steal, then his act was a ‘breaking’ in the eyes of the law.
 

 ¶ 16. Fulgham did not raise an objection to jury instruction S-5. In fact, Fulg-ham’s attorney stated, “Your Honor, I think a lot of effort was made into coming up with this instruction. We don’t have a problem with it. I think it states it as best as we can.”
 

 ¶ 17. As previously discussed, a conviction for burglary of a business can
 
 *562
 
 be obtained where there is a constructive breaking in which the defendant had permission to enter a business, but the defendant possessed the intent to commit an unlawful act inside.
 
 Haynes,
 
 744 So.2d at 753(¶ 6). Thus, we find that jury instruction D-ll is an incorrect statement of the law.
 

 ¶ 18. In addition, Fulgham’s complete defense at trial was that he did not participate in the burglary of Garner’s. Thus, we find that there was no evidentiary basis for jury instruction D-ll presented. Fulgham offered jury instruction D-13 that instructed the jury to find him not guilty if the jury found that he was not present at the burglary of Garner’s. This instruction embodied his theory of the case, and the trial court gave jury instruction D-13. Based on the foregoing, we find that the trial court did not err by refusing to give jury instruction D-ll. The jury instructions given fairly announced the law and created no injustice. This issue is without merit.
 

 III. Legal Sufficiency and Weight of the Evidence
 

 ¶ 19. Fulgham argues that the trial court erred by denying his motion for JNOV or, in the alternative, for a new trial because the verdict was contrary to the legal sufficiency and weight of the evidence. Specifically, Fulgham maintains that there was no evidence of a constructive or actual breaking.
 

 ¶ 20. A motion for a JNOV challenges the legal sufficiency of the evidence.
 
 Hearn v. State,
 
 3 So.3d 722, 740(¶53) (Miss.2008). This Court will not disturb the trial court’s denial of a motion for a JNOV unless, with respect to one or more elements of the crime charged, the evidence is such that fair-minded jurors could only find the defendant not guilty.
 
 Id.
 
 at (¶ 54). On the other hand, a motion for a new trial challenges the weight of the evidence.
 
 Id.
 
 at 741(¶ 56). This Court will not disturb the trial court’s denial of a motion for a new trial unless the verdict “is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.”
 
 Id.
 
 at (¶ 57) (quoting
 
 Bush v. State,
 
 895 So.2d 836, 844(¶ 18) (Miss.2005)).
 

 ¶ 21. As previously discussed in the first assignment of error, the State presented evidence of a constructive breaking, proving all elements of the crime charged. Thus, the trial court did not err by denying Fulgham’s motion for a JNOV. Considering the evidence and the testimony given by Jones and Mann during Fulgham’s trial, we do not find that the verdict was against the overwhelming weight of the evidence or that the verdict resulted in an unconscionable injustice. Thus, the trial court did not err by denying Fulgham’s motion for a new trial. This issue is without merit.
 

 ¶ 22. THE JUDGMENT OF THE CIRCUIT COURT OF OKTIBBEHA COUNTY OF CONVICTION OF BURGLARY OF A BUSINESS AND SENTENCE AS A HABITUAL OFFENDER TO SEVEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION, AND TO PAY A $10,000 FINE, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO OKTIB-BEHA COUNTY.
 

 LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, CARLTON AND MAXWELL, JJ., CONCUR. ROBERTS, J., CONCURS IN PART AND IN THE RESULT.