839 So.2d 594 (2003)
Paul Elvis CRAWFORD, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-01345-COA.
Court of Appeals of Mississippi.
March 11, 2003.
Lisa D. Collums, Gulfport, attorneys for appellant.
Office of the Attorney General by: Deirdre McCrory, attorney for appellee.
*595 Before SOUTHWICK, P.J., LEE and MYERS, JJ.
SOUTHWICK, P.J., for the court.
¶ 1. Paul Crawford was convicted of burglary by a circuit court jury. On appeal, Crawford argues that evidence of his intent upon entering the victim's home was inadequate to support the conviction, and that more generally, the verdict did not respond to the weight and sufficiency of the evidence. Finally, Crawford contends that his defense was marred by ineffective assistance of counsel. We find no merit to these arguments and affirm.

STATEMENT OF FACTS
¶ 2. On the morning of September 21, 2000, Patrick Hamlin left the home he shared with his ailing mother and two others, and made his way to work. Approximately two hours later, Hamlin returned to check on his mother. He noticed that the wooden back door that he had previously closed was now slightly ajar. Hamlin entered the house and went into the kitchen. Seeing a shadow moving in the periphery of his vision, Hamlin went to the front of the house. There he saw Paul Crawford, who stared at him while frantically attempting to unlock the front door. After Crawford was finally able to open the door and exit the house, Hamlin chased him briefly down the street before returning to assure his mother's safety and to contact law enforcement.
¶ 3. A description of the intruder was radioed to area police. Though police pointed out a possible suspect, Hamlin stated that it was not the man he had just confronted. Meanwhile, several blocks away, Detective Sergeant Kenneth Brown observed suspicious behavior from a man matching the intruder's description. Brown stopped the man, Crawford, who agreed to be escorted back to the scene. There, Hamlin immediately and positively identified Crawford as the perpetrator.

DISCUSSION
1. Intent
¶ 4. One of the elements necessary to prove burglary is the intent to commit a crime after breaking and entering. Miss. Code Ann. § 97-19-23 (Rev.2000). Crawford argues that the evidence failed to demonstrate any proof of his intentions. There was no evidence that any items of value had yet been taken or even disturbed, such as electronics and jewelry. Only a single duffle bag had been rifled through before Hamlin's arrival.
¶ 5. Since those committing burglary usually have no occasion to announce their intentions, evidence of the required intent usually arises only from inferences:
Some presumptions are to be indulged in against one who enters a building unbidden at a late hour of night, else the burglar caught without booty might escape the penalties of the law. People are not accustomed in the nighttime to enter homes of others, when asleep, with innocent purposes. The usual object is theft; and this is the inference ordinarily to be drawn in the absence of explanation from breaking and entering at night accompanied by flight when discovered, even though nothing has been taken.
Brown v. State, 799 So.2d 870, 872 (Miss. 2001) (quoting Nichols v. State, 207 Miss. 291, 296-97, 42 So.2d 201, 202-03 (1949)).
¶ 6. Therefore, an inference of the intent to steal may arise from proof of the breaking and entering. Gillum v. State, 468 So.2d 856, 859 (Miss.1985). Crawford is permitted to counter this evidence which arises from an inference, just as he may counter other kinds of evidence presented to prove his guilt. The State met its burden *596 of presenting evidence on each element of burglary.
2. Weight and sufficiency of the evidence
¶ 7. Crawford next claims that the trial court erred in failing to grant his motion for directed verdict. In reviewing a challenge to the legal sufficiency of the evidence, an appellate court is to consider all evidence and the inferences arising from it in a light most favorable to the verdict reached. We may enter an acquittal only if we are convinced that no reasonable, hypothetical juror would find guilt. Tait v. State, 669 So.2d 85, 88 (Miss.1996). Crawford contends that the prosecution's identification testimony and the lack of physical evidence fail the test of sufficiency.
¶ 8. Crawford urges us to consider the factors for identification set forth by the United States Supreme Court. Neil v. Biggers, 409 U.S. 188, 199-200, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). However, this case has no serious issue regarding identification. Crawford, unable to open the front door as Hamlin approached him, was fully on view for a meaningful length of time. Hamlin's verbal description of the intruder given to law enforcement officers was nearly identical to Crawford's physical characteristics. When Crawford was returned to the scene within the hour, Hamlin identified him with certainty.
¶ 9. As to the alleged absence of physical evidence, the eyewitness testimony of Crawford's presence in the home was more than sufficient.
¶ 10. Failing on this argument, Crawford also seeks a new trial through his contention that the verdict went against the overwhelming weight of the evidence. We may order a new trial only if allowing the verdict to stand would constitute an "unconscionable injustice." Groseclose v. State, 440 So.2d 297, 300 (Miss. 1983). Here, the evidence weighs against Crawford, and we cannot find it unjust to allow the verdict to stand.
3. Ineffective assistance of counsel
¶ 11. In addition, Crawford filed a pro se supplemental brief claiming ineffective assistance of counsel. He did not seek leave to file the brief and therefore we need not consider it. M.R.A.P. 28(c) (further briefs from an appellant besides an initial and reply brief must receive leave of court). We find that the brief is particularly inappropriate since the issue raised is ineffective assistance of counsel. That is a matter usually better suited for post-conviction relief because insufficient evidence is in the record of the trial and related matters to evaluate the claim. Read v. State, 430 So.2d 832, 837 (Miss.1983). We find no obvious inadequacy by counsel in the claims raised in the pro se brief. Consequently, we do not consider the issue.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF THE SECOND JUDICIAL DISTRICT OF HARRISON COUNTY OF CONVICTION OF BURGLARY OF A DWELLING AND SENTENCE OF TWENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT THE POSSIBILITY OF PAROLE IS HEREBY AFFIRMED. COSTS OF APPEAL ARE ASSESSED TO HARRISON COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.