BARNES, J.,
for the Court:
¶ 1. Randal Blythe was convicted by a DeSoto County Circuit Court jury of burglary of a dwelling and was sentenced to twenty-five years in the custody of the Mississippi Department of Corrections (MDOC). The sentence was ordered to run consecutively to any other sentences being served, and he was to receive credit for time served. Blythe filed a motion for a judgment notwithstanding the verdict (JNOV) or, alternatively, a motion for a new trial. The circuit court denied the motions, and Blythe now appeals. Finding no error, we affirm.
*410 FACTS AND PROCEDURAL HISTORY
¶ 2. On the night of October 23, 2008, Tom Caldwell and his family returned to their home in Olive Branch, Mississippi, and noticed a strange truck backed into their driveway. The truck was blocking the garage entrance, and its doors were open. The garage door was open, and the light was on. Caldwell recalled that when he left the house earlier, the garage door was only open “maybe a foot” for his pets to have ingress and egress; he was not sure if the pedestrian door to the garage was locked.
¶ 3. Caldwell saw two men exit the garage, get into the truck, and drive away. He called 911 and proceeded to follow the truck for several miles, until law enforcement eventually stopped the truck. The passenger in the truck was Blythe. During a pat-down search, police found a piece from a wire coathanger in the driver’s pocket. The search of the truck also revealed potential burglary tools: wire pliers, screwdrivers, gloves, and two flashlights. Nothing was missing from Caldwell’s home.
¶ 4. Blythe was indicted and charged for multiple counts: conspiracy, burglary, and possession of burglary tools. He was convicted of burglary of a dwelling on December 14, 2011. He was sentenced to twenty-five years in the custody of the MDOC, with the sentence to run consecutively to any other sentences being served and with him to receive credit for time served. The other counts were dismissed.
¶ 5. Blythe promptly filed his post-trial motions on December 19, 2011. The circuit court denied his motions on January 5, 2012; however, the order was not entered until June 27, 2012. Blythe’s counsel filed a notice of appeal on February 3, 2012, but the circuit clerk did not forward the notice of appeal to the Mississippi Supreme Court until April 20, 2012. Blythe filed a motion for an out-of-time appeal on May 25, 2012, claiming that his attorney effectively abandoned his appeal and requesting that new counsel be appointed. The circuit court found Blythe’s notice of appeal to be timely and determined his motion to be moot.[1]
¶ 6. Finding no reversible error, we affirm Blythe’s conviction and sentence.
DISCUSSION
I. Whether defense counsel’s performance was ineffective.
¶ 7. Blythe argues that he suffered from ineffective assistance of counsel because defense counsel failed to request a jury instruction for the lesser-included offense of trespass and a circumstantial-evidence jury instruction. “[T]o prove ineffective assistance of counsel an appellant must show that his counsel’s performance was deficient and that this deficiency prejudiced his defense.” Jefferson v. State, 977 So.2d 431, 438 (¶ 20) (Miss.Ct.App.2008) (citation omitted) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).
¶ 8. Generally, Blythe’s claims would be more appropriately raised in a motion for post-conviction relief. Ineffective-assistance claims are generally not considered on direct appeal, unless “(1) the record affirmatively shows ineffectiveness of constitutional dimensions, or (2) the parties stipulate that the record is adequate to allow the appellate court to make the finding without consideration of the findings of fact of the trial judge.” Aguilar v. State, *411 847 So.2d 871, 878 (¶ 17) (Miss.Ct.App.2002) (quoting Colenburg v. State, 735 So.2d 1099, 1101 (¶ 5) (Miss.Ct.App.1999)). However, the State does not address the issue of the adequacy of the record on appeal. Instead, it discusses the merits of the claim based on the record facts. Therefore, we find that the State has effectively stipulated to the adequacy of the record, and will address Blythe’s ineffective-assistance-of-counsel claim on direct appeal.
A. Lesser-included Offense Jury Instruction
¶ 9. Blythe’s defense at trial was that he had no intent to commit the crime of burglary. He claims that defense counsel’s failure to submit a jury instruction for the lesser-included offense of trespass deprived him of his right to present his defense. However, Blythe has provided no authority for his proposition that the failure to submit a lesser-included offense instruction constitutes ineffective assistance of counsel. Defense counsel may well have made a calculated decision not to submit the instruction, believing that Blythe would be acquitted of the burglary offense. See Havard v. State, 928 So.2d 771, 791 (Miss.2006) (“Trial counsel’s decision not to submit lesser offense instructions, while it turned out to be unsuccessful, was appropriate trial strategy, and thus beyond the realm of serious consideration on a claim of ineffective assistance of counsel.”). Our review of the record does not reveal any reason to second-guess trial counsel’s strategy. As a result, we find that Blythe has not proved that counsel’s performance was ineffective based on the failure to submit a lesser-included-offense instruction.
B. Circumstantial-Evidence Instruction
¶ 10. Blythe also contends that since no direct evidence of the crime existed, counsel should have requested a circumstantial-evidence instruction. We find no basis for this claim. If there is direct evidence of the crime presented in the form of eyewitness testimony, a circumstantial-evidence instruction is not required. Brown v. State, 961 So.2d 720, 728 (¶ 18) (Miss.Ct.App.2007) (citing Wortham v. State, 883 So.2d 599, 606 (¶ 31) (Miss.Ct.App.2004)). Caldwell testified that he saw Blythe leaving his home and that he followed Blythe and his accomplice until they were apprehended by the police. Thus, there was eyewitness testimony in this case, and a circumstantial-evidence instruction was not warranted.
¶ 11. After reviewing the record, we find no deficiency in defense counsel’s performance, and Blythe’s claims are without merit.
II. Whether the circuit court erred in giving Jury Instruction S-5.
¶ 12. Blythe claims that it was reversible error for the circuit court to give Jury Instruction S-5, which stated: “An inference of the intent to steal may arise from the proof of the breaking and entering.” Defense counsel objected to this instruction at trial, arguing that it was an “incorrect statement of law” and “misleading.”
 ¶ 13. When we review the giving or refusal of a jury instruction on appeal, the instructions must be read “as a whole to determine whether the jury was fully and fairly instructed according to the applicable law.” Jackson v. State, 68 So.3d 709, 712-13 (¶ 12) (Miss.Ct.App.2011) (quoting Clark v. State, 40 So.3d 531, 544 (¶ 36) (Miss.2010)). In Brown v. State, 799 So.2d 870, 871 (¶ 3) (Miss.2001), a similar argument was made by the defendant, who was found by police “sticking out” of the *412 window of a closed business at night. Rochelle Brown claimed he saw someone enter the building and was trying to get him out. The building, however, was empty. Id. Although the argument in that case pertained to the sufficiency of the evidence, like Blythe, Brown claimed that there was no evidence of intent to steal. Id. at (¶ 6). The Mississippi Supreme Court concluded that intent “may be inferred from the circumstances.” Id. at 872 (¶8).
Some presumptions are to be indulged in against one who enters a building unbidden at a late hour of night, else the burglar caught without booty might escape the penalties of the law. People are not accustomed in the nighttime to enter homes of others, when asleep, with innocent purposes. The usual object is theft; and this is the inference ordinarily to be drawn in the absence of explanation from breaking and entering at night accompanied by flight when discovered, even though nothing has been taken.
Id. (quoting Nichols v. State, 207 Miss. 291, 296-97, 42 So.2d 201, 202-03 (1949)).
¶ 14. Additionally, this Court addressed this issue in Crawford v. State, 839 So.2d 594 (Miss.Ct.App.2003). In Crawford, the victim arrived home to find the defendant inside, trying “frantically” to leave the home. Nothing had been taken from the home. Id. at 595 (¶¶ 2, 4). Discussing the supreme court’s prior holding in Brown, we held that “an inference of the intent to steal may arise from proof of the breaking and entering.” Id. at (¶¶ 5-6) (citing Gillum v. State, 468 So.2d 856, 859 (Miss.1985)). Similarly to Brown and Crawford, Blythe entered the Caldwells’ home without permission. He was there during night-time hours, with no discernible innocent purpose.
¶ 15. Jury Instruction S-5 stated nearly identical language from our finding in Crawford and was, therefore, a correct statement of law. Accordingly, we find no abuse of discretion in the circuit court’s giving of Jury Instruction S-5. In this case, Caldwell left the garage door open only a foot, but upon return, the door was halfway up, indicating that a breaking did occur. See Fulgham v. State, 12 So.3d 558, 560 (¶10) (Miss.Ct.App.2009) (“A breaking includes ‘any act or force, however[ ] slight, employed to effect an entrance through any usual or unusual place of ingress, whether open, partly open, or closed.’ ” (quoting Genry v. State, 767 So.2d 302, 309 (¶ 21) (Miss.Ct.App.2000))).
III. Whether the circuit court’s failure to instruct the jury on the elements of the underlying crime of larceny was reversible error.
¶ 16. Blythe claims that the failure to issue a jury instruction regarding the elements of the underlying crime of larceny was reversible error. Jury Instruction S-1 stated that the jury was to find Blythe guilty if it found, beyond a reasonable doubt, that he broke into and entered the victims’ home with the “intent to commit the crime of larceny, therein[.]”
¶ 17. Blythe is correct that the jury was not instructed on the elements of larceny. In a recent case, Daniels v. State, 107 So.3d 961 (Miss.2013), the Mississippi Supreme Court unanimously held that a jury instruction’s failure to include the element of the specific underlying crime was reversible error. In Daniels, Jury Instruction S-l had been amended to read that Edward Daniels could be found guilty of burglary of a dwelling if it was found that he “intended, once inside this dwelling, to commit a crime therein[.]” Id. at 963 (¶ 8). The phrase “grand larceny” had been *413 omitted in the amendment as the intended crime. Id. The supreme court stated:
One of the essential elements of the crime of burglary is the intent to commit a specific crime. Jury Instruction S-l fails to instruct the jury as to what crime Daniels intended to commit, and thus fails to instruct the jury on an essential element of the crime of burglary. The failure to instruct the jury on some specific crime in the second element of burglary would have allowed each of the jurors to arbitrarily select some crime of which there was no proof, and use that nonexistent offense to convict Daniels of burglary. The jury instructions as a whole fail to cure this fatal defect; therefore the trial court abused its discretion in allowing the amendment to Instruction S-l that deleted the phrase “grand larceny.”
Id. at 964 (¶ 17) (internal citations omitted). The supreme court revisited this issue again in Bolton v. State, 113 So.3d 542, 544 (¶ 4) (Miss.2013), finding a jury instruction that permitted a jury to convict the defendant of any crime while inside the dwelling was “fatally flawed,” as it relieved the State “of its obligation of proving his intent to commit a particular crime.”[2]
¶ 18. However, the issue here is not whether the instruction specifically identified the underlying crime. Unlike Daniels and Bolton, Jury Instruction S-l clearly stated the specific underlying crime-larceny. Rather, the issue is whether an instruction on the elements of the underlying crime was required. The Daniels court made it clear that “the State did not have to prove grand larceny as an element of burglary [.]” Daniels, 107 So.3d at 964 (¶ 16) (emphasis added). Moreover, Jury Instruction S-5, regarding the inference of the intent to steal, was submitted to the jury along with Jury Instruction S-l.[3] Consequently, the circuit court’s decision not to submit a jury instruction on the underlying crime of larceny does not constitute reversible error.
IV. Whether the circuit court erred in denying Blythe’s motions for a JNOV or, in the alternative, a new trial.
A. Sufficiency of the Evidence
¶ 19. “A motion for [a] JNOV challenges the legal sufficiency of the evidence.” Johnson v. State, 81 So.3d 1020, 1023 (¶ 6) (Miss.2011) (citing Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005)). In our determination of whether the evidence is sufficient to sustain the verdict, we must inquire whether the evidence shows “beyond a reasonable doubt that [the] accused committed the act charged, and that he did so under such circumstances that every element of the offense existed[.]” Bush, 895 So.2d at 843 (¶ 16). “[W]here the evidence fails to meet this test[,] it is insufficient to support a conviction.” Id. However, if any facts and inferences “‘point in favor of the defendant on any element of the offense with sufficient force that reasonable [jurors] could not have found beyond a reasonable doubt that the defen *414 dant was guilty,’ the proper remedy is for the appellate court to reverse and render.” Id. (quoting Edwards v. State, 469 So.2d 68, 70 (Miss.1985)).
¶ 20. Caldwell testified that he saw Blythe come out of his home that evening. When Blythe and his accomplice were later apprehended, a part of a coath-anger was found in the accomplice’s pocket. There were also several tools typically used by burglars in the truck. Although nothing was taken from the home, “[t]he jury is permitted to draw ‘any reasonable inferences from all the evidence presented in the case.’ ” Lambert v. State, 101 So.3d 1172, 1177 (¶ 17) (Miss.Ct.App.2012) (quoting Wright v. State, 9 So.3d 447, 453 (¶ 10) (Miss.Ct.App.2009)). “If intent required definite and substantive proof, it would be almost impossible to convict, absent facts disclosing a culmination of intent.” Id. Here, the jury could infer that Blythe had the intent to commit larceny when he went into the home, at night, without a permissible reason for being there. Furthermore, he and his accomplice fled when Caldwell and his family returned home.
¶ 21. Viewing the evidence in the light most favorable to the State, we determine that the evidence was sufficient to support the verdict, and we find no error in the circuit court’s denial of Blythe’s motion for a JNOV.
B. Weight of the Evidence
¶ 22. A motion for a new trial addresses the weight of the evidence. Jackson v. State, 90 So.3d 597, 605 (¶ 31) (Miss.2012). “When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.” Bush, 895 So.2d at 844 (¶ 18) (citation omitted).
¶23. As we have already discussed at length, Blythe was identified by the victim as one of the men leaving his home that evening. While there was nothing taken from the home, an inference of an intent to commit larceny may arise from the State’s proof that Blythe broke into and entered the home. We cannot find that the verdict was against the overwhelming weight of the evidence; nor can we find that allowing the verdict to stand would sanction an unconscionable injustice. Thus, the circuit court acted within its discretion in denying Blythe’s motion for a new trial, and this argument is without merit.
¶ 24. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY OF CONVICTION OF BURGLARY OF A DWELLING AND SENTENCE OF TWENTY-FIVE YEARS AS A HABITUAL OFFENDER IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION, WITH THE SENTENCE TO RUN CONSECUTIVELY TO ANY SENTENCE CURRENTLY BEING SERVED AND CREDIT TO BE GIVEN FOR TIME SERVED, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. Blythe is represented by the Office of Indigent Appeals on appeal; therefore, he did receive new representation on appeal.

. While Bolton had been indicted for breaking and entering a dwelling with the intent to commit larceny, at trial the jury was instructed that it could convict Bolton if it found that he had broken and entered the home "with the intent to commit the crime of larceny or any other crime [.]” Bolton, 113 So.3d at 543 (¶ 1) (emphasis added by supreme court). The supreme court determined that while the State did not have to prove that Bolton committed larceny, "the jury did have to find that Bolton had intended to commit larceny, since that was the underlying offense specified by the grand jury.” Id. at (¶ 2).

. Larceny requires the specific intent to steal or “deprive the owner of his property.” Slay v. State, 241 So.2d 362, 364 (Miss.1970).