# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-KA-01167-COA

GREGORY WOODS A/K/A GREGORY JAMES WOODS A/K/A GREGORY J. WOODS A/K/A STINK      APPELLANT

v.

STATE OF MISSISSIPPI      APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 08/13/2014 |
| TRIAL JUDGE: | HON. ROGER T. CLARK |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | JOEL SMITH |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF BURGLARY OF A DWELLING AND SENTENCED AS A HABITUAL OFFENDER TO SERVE TWENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT THE POSSIBILITY OF PROBATION OR PAROLE |
| DISPOSITION: | AFFIRMED - 12/08/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., CARLTON AND FAIR, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1.     Gregory Woods was convicted of burglary of a dwelling and sentenced as a habitual offender to twenty-five years in the custody of the Mississippi Department of Corrections without the possibility of probation or parole.  In this appeal, we must determine whether the

evidence was sufficient to support the guilty verdict.

**FACTS**

¶2.    On March 2, 2014, Sherri Ann McNulty was awakened around 4 a.m. by a loud noise outside her house in Biloxi, Mississippi. McNulty testified that she heard "a really, really loud noise beating on something over there [(the neighbor's house)], and then . . . heard glass breaking." McNulty further described the noise as "something heavy beating against a wall . . . over and over." She called 911, and informed the dispatcher it sounded like the house next door was being broken into.

¶3.    Officer Bryan Wallace arrived at the scene and heard loud banging inside 171 Iberville Drive, the house next door to McNulty's house. Officer Wallace noted the lights were off inside the house. Officer Wallace testified that Woods opened the door and explained that he had just moved into the house and was moving furniture around. Officer Wallace advised Woods to go back inside the house.

¶4.    About the same time, another officer, Grandver Everette, was walking around outside of the house and noticed a broken window. Officer Everette testified he saw that the window pane had been removed and a trash can was underneath the window. He observed a concrete rock on the ground by the trash can with shattered glass around it.

¶5.    Notified of the broken window, Officer Wallace again approached Woods, who had exited the house and was standing in the yard. Woods informed Officer Wallace that the house had been left to him by his grandmother. Other than a prescription bottle with his name on it, Woods was unable to provide identification or proof to confirm his claim.

¶6. The owner of the property, Tony Eckwood, was located. After viewing the house, Eckwood noticed furniture and smaller items had been moved, including weapons and other valuables.

**DISCUSSION**

¶7. Woods argues that the evidence was legally insufficient to support the guilty verdict. Woods also contends the verdict is against the overwhelming weight of the evidence.

¶8. In determining whether the State presented legally sufficient evidence to support the verdict, "the critical inquiry is whether the evidence shows 'beyond a reasonable doubt that [the] accused committed the act charged, and that he did so under such circumstances that every element of the offense existed[.]'" *Bush v. State*, 895 So. 2d 836, 843 (¶16) (Miss. 2005). If, viewing the evidence in the light most favorable to the State, any rational trier of fact could have found, beyond a reasonable doubt, that the essential elements of the crime existed, this Court will affirm the conviction. *Id*. The jury determines the credibility of witnesses and resolves conflicts in the evidence. *Davis v. State*, 866 So. 2d 1107, 1112 (¶17) (Miss. Ct. App. 2003).

¶9. Mississippi Code Annotated section 97-17-23 (Rev. 2014) states that burglary of a dwelling is the "breaking and entering the dwelling house or inner door of such dwelling house of another, whether armed with a deadly weapon or not, and whether there shall be at the time some human being in such dwelling house or not, with intent to commit some crime therein . . . ." Woods argues the State did not prove that he intended to commit a crime, only that he was present at the house. However, the defendant in *Brown v. State*, 799 So. 2d 870,

3

871 (¶3) (Miss. 2001), made a similar argument. The police found Brown's legs sticking out of the window of an auto repair shop at night. *Id*. Although Brown had no items from the shop in his possession, the Mississippi Supreme Court concluded that intent "may be inferred from the circumstances." *Id*. at 872 (¶8). The court stated:

> Some presumptions are to be indulged in against one who enters a building unbidden at a late hour of night, else the burglar caught without booty might escape the penalties of the law. People are not accustomed in the nighttime to enter homes of others, when asleep, with innocent purposes. The usual object is theft; and this is the inference ordinarily to be drawn in the absence of explanation from breaking and entering at night accompanied by flight when discovered, even though nothing has been taken.

*Id*. (quoting *Nichols v. State*, 207 Miss. 291, 296-97, 42 So. 2d 201, 202-03 (1949)).

¶10.    Additionally, this Court addressed a similar issue in *Blythe v. State*, 141 So. 3d 407 (Miss. Ct. App. 2013), and in *Crawford v. State*, 839 So. 2d 594 (Miss. Ct. App. 2003). In *Blythe*, the defendant was seen leaving the victim's garage "during night-time hours, with no discernible innocent purpose." and without the permission of the homeowner. *Blythe*, 141 So. 3d at 412 (¶14). Nothing had been taken from the victim's home. *Id*. at 410 (¶3). In *Crawford*, the victim found the defendant in his home, trying to "frantically" leave the premises. *Crawford*, 839 So. 2d at 595 (¶2). Like Blythe, Crawford was in the victim's home without permission and was not in possession of any stolen property. *Id*. at (¶¶2, 4). We stated that "an inference of the intent to steal may arise from proof of the breaking and entering." *Id*. at (¶¶5-6) (citation omitted).

¶11.    In this instance, Woods was found in the victim's home without permission. There was evidence of a breaking and entering. Viewing the evidence in the light most favorable

4

to the State, we find that there was sufficient evidence for the jury to convict Woods of burglary of a dwelling. This issue is without merit.

¶12. Woods also argues the verdict is against the overwhelming weight of the evidence. "When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." *Bush*, 895 So. 2d at 844 (¶18). The evidence is viewed in the light most favorable to the verdict. *Id*. From the evidence previously described, we cannot find that allowing the verdict to stand would sanction an unconscionable injustice. This issue is without merit.

¶13. **THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT OF CONVICTION OF BURGLARY OF A DWELLING AND SENTENCE AS A HABITUAL OFFENDER OF TWENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT THE POSSIBILITY OF PROBATION OR PAROLE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.**

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, FAIR, JAMES AND WILSON, JJ., CONCUR.**